Commonwealth *v.* Harrison, Appellant.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Ray Hoye, Jr.,* and *Thomas P. Ruane, Jr.,* for appellant.

*Lawrence D. McDaniel,* Acting District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Fayette County by the defendant-appellant, Phillip Harrison a/k/a Philip Dunnigan, after conviction of violation of Section (A), (16) & (30) of The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P. L. 233, No. 64, §13, imd. eff., as amended 1972, October 26, P. L. 1048, No. 263, §1, imd. eff.; and from the denial by the court below of post-trial motions.

The appellant raises two issues in this appeal: (1) whether the conduct of the arresting officer amounted to entrapment; and (2) whether appellant had been denied his constitutional right to effective assistance of counsel.

At the trial, an undercover state policeman testified as to purchases of heroin that he had made from the appellant. The officer testified that he first met the appellant through two other men who did not appear at trial, on May 11, 1972. The appellant immediately began to inquire as to the officer's needs in regard to heroin. On May 23, 1972, and again on May 25, 1972, the agent purchased small quantities of heroin from him. Between the May 23rd meeting and the May 25th meeting, the appellant made a trip to Detroit and pur-

44

chased a quantity of Mexican heroin. At the May 25th meeting, the appellant informed the officer that he had purchased an ounce of heroin in Detroit for $1050 and could purchase another ounce of heroin for him at the same price plus a handling charge. The appellant then measured the heroin, sifted it, packaged it and sold a portion of it to the officer. This conduct the appellant contends was entrapment.

The test for entrapment is whether the criminal design was created by the officer or whether the officer merely afforded an opportunity for the commission of a crime by the person already disposed to commit the crime, in which case, there is no entrapment. *Commonwealth v. Klein,* 222 Pa. Superior Ct. 409, 294 A. 2d 815 (1972).

The conduct of this appellant as testified by the officer was not such as to be consistent with innocent behavior. An innocently disposed person would not make a trip to Detroit and obtain an ounce of heroin, sift it, package it and sell it. He had immediately inquired as to the officer's need and sold him heroin on three different occasions. This certainly was not a casual act induced by the officer.

Although certain portions of the officer's testimony conflicts with appellant's version of the facts, the choice as to credibility was for the jury and it exercised its choice in favor of the officer. The court adequately instructed the jury as to the law of entrapment.

Ordinarily this Court will not decide a claim of ineffectual assistance of counsel on direct appeal. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). However, where, as here, counsel on appeal is other than counsel at trial and the question of proper representation arguably appears on the record, public policy and the interest of justice dictate that such an issue should be considered on direct ap-

peal. *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970).

It has been held repeatedly that the test for effective assistance of counsel is whether the course of action taken by counsel has some reasonable basis designed to advance his client's interest. *Commonwealth ex rel. Washington v. Maroney,* supra; *Commonwealth v. Faison,* supra. A review of the record reveals that appellant's counsel vigorously cross-examined the Commonwealth's witnesses, called his own witnesses, made frequent objections and in general conducted an active defense of his client's interests. The appellant claims that his counsel's failure to raise the court's denial of some of his objections in his post-trial motions constitute ineffective counsel. A careful review of this record indicates that counsel properly raised all issues in his post-trial motions that had any chance to be sustained. Counsel is not obligated to raise every adverse ruling made during the trial in his post-trial motions. An adverse verdict is, of itself, most certainly not to be construed as the ineffective assistance of counsel as some defendants would have us hold.

Judgment affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.