Commonwealth *v.* Learn, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael J. Dowd,* and *Dowd & Kocsis,* for appellant.

*Rudolph J. Van Der Hiel,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 31, 1975:

This is an appeal from appellant's conviction of the crime of selling marijuana in which appellant attempts to raise three issues. The first two issues will not be considered on appeal because such issues were not raised in

post-verdict motions.[1] *Commonwealth v. Reid*, 458 Pa. 357 (1974); *Commonwealth v. Bittner*, 441 Pa. 216, 221 (1971); *Commonwealth v. Myers*, 439 Pa. 381, 384-385 (1970), and cases cited therein.

The third issue raised by appellant is whether he was denied effective assistance of counsel.[2] Until recently it was unclear whether such issue would be considered on direct appeal.[3] The Pennsylvania Supreme Court has resolved this uncertainty in the case of *Commonwealth v. Dancer*, 460 Pa. 95 (1975) where it held that if a defendant is represented on direct appeal by an attorney other than his trial counsel he must raise his claim of ineffective assistance of counsel on direct appeal or such claim will be waived as to possible subsequent relief under the Post Conviction Hearing Act.[4] The Supreme Court further held in *Commonwealth v. Twiggs*, 460 Pa. 105 (1975), that if such issue cannot be resolved by the appellate court, due to an inadequate record, the

---

1. The two issues not considered are whether the trial court erred in permitting a prosecution witness to invoke his privilege against self-incrimination during cross examination without striking or limiting his testimony received on direct examination; and, whether the trial court abused its discretion in admitting the marijuana purchased from the appellant when the chain of custody of said marijuana had not been properly established. Although we will not consider these issues standing alone we will be forced to consider whether these issues have merit in the context of appellant's claim of ineffective assistance of counsel.

2. Appellant is represented on this direct appeal by an attorney other than his trial counsel.

3. The uncertainty existed because such issue was generally not raised in post-verdict motions and the Pennsylvania Supreme Court has recently ruled that an issue not raised in post-verdict motions will not be considered on appeal. See *Commonwealth v. Reid*, 458 Pa. 357 (1974); *Commonwealth v. Clair*, 458 Pa. 418 (1974); *Commonwealth v. Coleman*, 458 Pa. 112 (1974).

4. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., effective March 1, 1966, 19 P.S. §§ 1180-1 et seq.

case can then be remanded to the trial court for an evidentiary hearing. It should be noted that *Dancer* does not hold that ineffective assistance of counsel must be raised on direct appeal in every case. In fact, under several circumstances such issue can only be raised in a PCHA hearing.[5] Following the procedure set forth in *Dancer* and *Twiggs,* we will now consider on this direct appeal appellant's claim of ineffective assistance of counsel.

Appellant alleges that his trial counsel was ineffective because he failed to raise certain issues in post-verdict motions thereby precluding appellant from raising those issues on appeal. It is well settled that "[c]ounsel is not obligated to raise every adverse ruling made during trial in his post-trial motions." *Commonwealth v. Harrison,* 228 Pa. Superior Ct. 42 (1974). While it is true counsel should raise in post-verdict motions any issue which poses a reasonable possibility of success on appeal, he is not required to raise issues which are obviously without merit. Therefore in order to consider the appellant's claim of ineffective assistance of counsel, we must look to the issues not raised in post-verdict motions to determine if they have merit. It should be noted that these are the very same issues which in the first paragraph of this opinion we said we would not consider on direct appeal. A lesson can be learned from this which could be useful to appellants who have failed to raise an issue in post-verdict motions. All such appellant need do in order to have such substantive issue considered by this court is simply raise the issue of ineffective assistance of counsel. The reason for such ineffectiveness of counsel would be the failure to raise the substantive issue in post-verdict motions. If the issue had merit and it could be determined from the record that trial counsel had no reasonable basis for this failure to raise such issue in post-verdict motions, counsel would be deemed ineffective and the

---

5. See *Commonwealth v. Dancer,* 460 Pa. at 100.

issue would be considered on appeal, just as if it were raised in post-verdict motions. One with a cynical view might conclude that the rule handed down in the waiver cases of *Commonwealth v. Reid,* supra; *Commonwealth v. Clair,* supra; and *Commonwealth v. Coleman,* supra, which held that an issue not raised in post-verdict motions will not be considered on appeal, is meaningless. Nevertheless we will now consider on the merits the issues which appellant claims should have been raised in post-verdict motions.

First, the appellant argues that the trial court erred in permitting the main prosecution witness to invoke the fifth amendment privilege against self-incrimination during his cross-examination without striking or limiting his testimony received on direct examination. The witness refused to respond to questions concerning his previous dealings with narcotics and his prior participation in the manufacture of marijuana. While it is true that the right of cross-examination is guaranteed by the Constitution, the case of *United States v. Cardillo,* 316 F.2d 606, 611 (2d Cir. 1963) points out that: "[R]eversal need not result from every limitation of permissible cross-examination and a witness' testimony may, in some cases, be used against a defendant, even though the witness invokes his privilege against self-incrimination during cross-examination. In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony

may be used against him. *United States v. Kravitz,* 3 Cir. 1960, 281 F.2d 581; *Hamer v. United States,* 9 Cir. 1958, 259 F.2d 274; *United States v. Toner,* 3 Cir. 1949, 173 F.2d 140." The instant case was clearly one in which the assertion of the privilege merely precluded inquiry into collateral matters which bear only on the credibility of the witness. The questions which the witness refused to answer in no way precluded inquiry into the details of his direct testimony. Therefore we find that appellant's first issue is without merit and failure to raise it in post-verdict motions did not constitute ineffectiveness on the part of trial counsel.

The second issue appellant claims should have been raised in post-verdict motions is whether the trial court abused its discretion in admitting marijuana purchased from the appellant on the ground that the chain of custody was not properly established. This claim simply has no basis. The record shows that the chain of custody of the marijuana was clearly established at trial and it was further identified at trial as being the same marijuana purchased from appellant. As with the first issue, failure to raise this issue in post-verdict motions does not constitute ineffectiveness on the part of trial counsel.

Appellant further claims that trial counsel failed to raise or preserve objections to the admission of certain hearsay evidence. A certain amount of hearsay is often admitted into evidence during trial proceedings and it would be unreasonable to expect counsel to object to all such hearsay. It is only when prejudicial hearsay evidence is admitted without objection that the issue of ineffectiveness of counsel must be considered. This was not the case here.

Finally appellant claims that due to trial counsel's interest in hastening the trial he failed to undertake extensive cross-examination of various Commonwealth witnesses. From an examination of the record it is clear that the Commonwealth witnesses were adequately cross-ex-

amined. Furthermore it should be noted that there is nothing intrinsically wrong with hastening a trial if it can be done without harm to the parties.

Therefore we find that appellant's claim of ineffective assistance of counsel is without merit and the order of the lower court is affirmed.

PRICE, J., joins in this opinion.

---

CONCURRING OPINION BY SPAETH, J.:

I join in Judge CERCONE'S opinion, because I regard it as a correct application of *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975), by which we are bound. I hope, however, that the difficulties noted by Judge CERCONE will result in a different rule. It seems to me that when the effectiveness of counsel is called into question, the only way to be fair both to counsel and to the defendant is to conduct a hearing, at which the defendant can ask counsel why he did or did not do certain things, and counsel can explain. The only way to insure that there will be such a hearing is to hold that without exception the issue of the effectiveness of counsel will only be reviewed in a PCHA proceeding, never on appeal.

HOFFMAN and PRICE, JJ., join in this opinion.