Commonwealth *v.* Jackson, Appellant.

124

Submitted June 16, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joan Saltzman* and *John W. Packel*, Assistant Defenders, and *Benjamin Lerner*, Defender, for appellant.

*Howell K. Rosenberg, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 29, 1976:

On October 17, 1972, the appellant was found guilty of aggravated robbery, burglary, pointing a firearm and carrying a concealed deadly weapon. On November 1, 1972, thirteen days after the verdicts of guilty were returned, appellant filed motions for a New Trial and In Arrest of Judgment. These motions were argued on December 5, 1972, and held under advisement. On August 10, 1973, these motions were denied and sentence was imposed.[1] A counseled[2] direct appeal from the judgment of sentence was taken to this Court, at which time, appellant raised ineffective assistance of counsel as the *only ground* for relief, and briefed *three theories* in support thereof. The three theories were that appellant's trial counsel was ineffective: (1) he failed to file a pre-trial motion to suppress evidence seized pursuant to an

---

1. In an opinion filed on October 23, 1973, Judge LOWE (specially presiding) held that no grounds were properly raised by these motions because of non-compliance with Pa.R.Crim.P. 1123. [This prosecution is governed by Pennsylvania Rules of Criminal Procedure 1123(a) and 1123(b) as adopted by the Supreme Court of Pennsylvania January 24, 1968, and effective August 1, 1968, and not by the more recent amendments which were adopted June 8, 1973, and effective forty-five (45) days thereafter.]

The post-trial motions were not timely filed. Pa.R.Crim.P. 1123(a) requires post-trial motions to be filed within seven days of the verdict. Instantly, post-trial motions were lodged thirteen days after the verdicts of guilty were returned. Leave to extend the filing of the motions was neither sought nor granted.

Also, the post-trial motions failed to comply with Pa.R.Crim.P. 1123(b) which required that "[a] motion for a new trial shall be in writing, and the grounds shall be specified.... Leave to state additional specific grounds after the transcript is lodged must be sought within the period allowed pursuant to section (a) of this Rule .... Only the grounds so raised may be argued before the court." Appellant's trial counsel never filed additional reasons in support of his written motions but attempted to raise additional reasons orally. Judge LOWE refused to entertain oral argument on grounds not specified in the written motions.

2. Appellant was represented by counsel other than his trial counsel. Instantly, appellant is represented by a third counsel.

arrest and search and seizure; (2) he failed to file a pre-trial motion to suppress an out-of-court identification; and (3) he failed to timely file post-trial motions. We affirmed the judgment of sentence per curiam without opinion. *Commonwealth v. Jackson,* 228 Pa. Superior Ct. 886, 322 A.2d 702 (1974). Appellant did not petition our Supreme Court for allowance of appeal from that decision.

On June 3, 1974, appellant filed a petition for relief under the Post Conviction Hearing Act.[3] An evidentiary hearing was scheduled and an attorney from the Public Defender's Office was appointed to represent the appellant. Appellant raised, in writing and by oral amendment, the following *grounds* for relief: (1) ineffective assistance of counsel;[4] (2) lack of intelligent waiver of conflict of interest between the appellant and his co-defendant; (3) suppression of evidence by the Commonwealth by failing to produce an eyewitness to the robbery; and (4) introduction of evidence as a result of illegal arrest, search and lineup procedures. After an evidentiary hearing, at which the appellant's trial counsel testified as a Commonwealth witness, the lower court denied the petition for post-conviction relief and the instant appeal followed.

The facts surrounding the episode out of which the charges against the appellant arose will be discussed *infra* insofar as they relate to specific issues considered. Instantly, the appellant has briefed sixteen[5] arguments

---

3. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1975-76).

4. New *theories* in support of this *ground* for relief were developed on the record at the post conviction hearing. *See* note 5 infra.

5. These arguments may be grouped as follows:

I. *New Grounds for Relief* -

1. Appellant was denied due process of law in that evidence was admitted against him at trial which was found pursuant to an illegal arrest and search;

in support of his request for a new trial, or, in the alternative, in support of his right to file post-trial motions *nunc pro tunc*. Initially, we must consider which arguments are properly cognizable in the instant appeal.

I

Section 3(d) of the Post Conviction Hearing Act requires that for one to be eligible for relief one must prove "[t]hat the error resulting in his conviction and sentence has not been finally litigated or waived." Act of

2. Appellant was denied due process in that an unnecessarily suggestive identification procedure was held without counsel present;

3. Appellant did not knowingly and intelligently waive the right to be represented by separate counsel.

II. *New Theories for Relief developed at the evidentiary hearing held pursuant to the provisions of the Post Conviction Hearing Act* (in support of the *ground* for relief - ineffective assistance of counsel) -

1. Trial counsel was ineffective in that putting the appellant on the stand to admit his presence at the scene was tantamount to a guilty plea with none of the procedural safeguards;

2. Trial counsel was ineffective because he failed both to adequately prepare the case and to develop a trial strategy;

3. Trial counsel was ineffective in that he failed to attempt to locate a material witness to the robbery, who both he and appellant believed would exculpate appellant and his co-defendant;

4. Trial counsel was ineffective in failing to inform appellant of the meaning of conflict and to explain possible conflicts to him;

5. Trial counsel was ineffective because he failed to object to prosecutorial misconduct;

6. Trial counsel was ineffective in that he denied his client the presumption of innocence and relieved the Commonwealth of its burden to prove every element of the offense beyond a reasonable doubt;

7. Trial counsel was ineffective because he represented two co-defendants in a way which created a conflict; he favored appellant's co-defendant in his representation;

8. Trial counsel was ineffective in that he failed to argue reasons in support of a demurrer; especially as to the charge of burglary;

9. Trial counsel was ineffective in that he failed to move to strike

January 25, 1966, P.L. (1965) 1580, §3(d), 19 P.S. §1180-3(d) (Supp. 1975-76). Section 4(a)(2) provides, *inter alia*, that "[f]or the purpose of this act, an issue is finally litigated if: ...[t]he Superior Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals ...." Act of January 25, 1966, P.L. (1965) 1580, §4(a)(2), 19 P.S. §1180-4(a)(2) (Supp. 1975-76).

The Commonwealth first urges that the ground for relief, ineffective assistance of counsel, was, pursuant to the pertinent provisions of the Post Conviction Hearing Act, *supra*, "finally litigated" by this Court's per curiam affirmance, *Commonwealth v. Jackson, supra,* of the judgment of sentence.[6] The appellant contends that the

the testimony of a rebuttal witness, who could not identify the appellant or his co-defendant;

10. Trial counsel was ineffective in failing to object to an argumentative, confusing jury instruction as to a missing material witness.

III. *Theories for Relief - Previously Briefed on direct appeal from the judgment of sentence* (in support of the ground for relief - ineffective assistance of counsel) -

1. Trial counsel was ineffective because he failed to file a pre-trial motion to suppress identification; which motion would have been successful and would have vitiated the need for further proceedings;

2. Trial counsel was ineffective in that he failed to file a motion to suppress physical evidence; which failure was inconsistent with the defense in the case;

3. Trial counsel was ineffective in that he failed to file post-trial motions within seven days as required by Rule 1123(a) of the Pennsylvania Rules of Criminal Procedure; thereby denying appellant his right to appeal.

---

6. The Commonwealth also urges that the claim of ineffective assistance of counsel was "finally litigated" in that pursuant to Section 4(a)(2) of the Post Conviction Hearing Act the appellant did not petition the Supreme Court for allowance of appeal from this Court's per curiam affirmance of the judgment of sentence.

per curiam affirmance did not constitute a decision on the merits, and consequently the claim of ineffective assistance of counsel was not "finally litigated." We are convinced that the appellant's contention has merit and that the appellant's *ground* for relief, ineffective assistance of counsel, was not "finally litigated" prior to the evidentiary hearing held pursuant to the provisions of the Post Conviction Hearing Act.

The initial direct appeal from the judgment of sentence was taken prior to the decision in *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). In that decision, our Supreme Court held: "Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may only be raised in PCHA proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record, 3) where the petitioner is able to prove the existence of other 'extraordinary circumstances' justifying his failure to raise the issue, Post Conviction Hearing Act §4 (b)(2), 19 P.S. §1180-4(b)(2) (Supp. 1974) or 4) where the petitioner rebuts the presumption of 'knowing and understanding failure.' Post Conviction Hearing Act §4(c), 19 P.S. §1180-4(c) (Supp. 1974)." *Id.* at 100-101, 331 A.2d at 438 (footnote omitted).[7]

Prior to *Commonwealth v. Dancer*, supra, although the Post Conviction Hearing Act was clear in its mandate that a decision on the merits of an issue by this

---

7. "The Supreme Court further held in Commonwealth v. Twiggs, 460 Pa. 105 [331 A.2d 440] (1975), that if such issue cannot be resolved by the appellate court, due to an inadequate record, the case can then be remanded to the trial court for an evidentiary hearing." *Commonwealth v. Learn*, 233 Pa. Superior Ct. 288, 290, 335 A.2d 417, 418 (1975).

Court would constitute a "final litigation" barring subsequent Post Conviction Hearing Act relief, the decisional law relating to ineffective assistance of counsel challenges was not as clear. *Commonwealth v. Harrison*, 228 Pa. Superior Ct. 42, 44, 323 A.2d 848, 849 (1974) best summarizes the posture of our Court prior to *Commonwealth v. Dancer*, supra: *"Ordinarily this Court will not decide a claim of ineffectual assistance of counsel on direct appeal.* Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). However, where, as here, counsel on appeal is other than counsel at trial and the question of proper representation arguably appears on the record, public policy and the interest of justice dictate that such an issue should be considered on direct appeal. Commonwealth v. Faison, 437 Pa. 432, 264 A.2d 394 (1970)." (Emphasis added.)

The Commonwealth argues that since appellant's counsel on appeal was other than his trial counsel, and since appellant's counsel vigorously argued that the record was sufficiently developed to consider the issue of ineffective assistance of counsel, that our per curiam affirmance can mean nothing other than a decision on the merits.

However, the Commonwealth's brief at the time of the direct appeal from the judgment of sentence concerned itself with one issue: "The sole claim raised on the instant appeal is that trial counsel was incompetent for failing to file pretrial motions to suppress evidence and for failing to file post-trial motions in timely fashion. The existing record does not establish irrefutably either contention. Cf. Commonwealth v. Benjamin, 219 Pa. Superior Ct. 344, 345 (1971). *Without a collateral hearing,* it cannot be determined whether counsel refrained from moving to suppress evidence because he believed such a claim would be frivolous or because of an oversight on his part.... *A collateral hearing* is equally essential to establishing appellant's right to file post-trial motions *nunc pro tunc.* Presentation and disposition of post-trial

motions at the trial court stage is a prerequisite for appeal. Commonwealth v. Whiting, 205 Pa. Superior Ct. 92 (1965). If it is shown that counsel's failure to comply with the requirements for timely filing prescribed in Rule 1123 was not done with the knowing complicity of appellant, then appellant is admittedly entitled to have his right to post-trial motions restored for their litigation, *nunc pro tunc.*" Brief for Appellee at 3-4, *Commonwealth v. Jackson,* 228 Pa. Superior Ct. 886, 322 A.2d 702 (1974) (emphasis added).

· In *Commonwealth v. Benjamin,* 219 Pa. Superior Ct. 344, 280 A.2d 625 (1971), the appellant, while in prison, filed a petition pursuant to the Post Conviction Hearing Act wherein he alleged, *inter alia,* that he was denied the effective assistance of counsel. We summarized the procedural context of *Commonwealth v. Benjamin,* supra, as follows: "As an appeal was pending before this Court, the petition was held in abeyance pending the outcome of that appeal. We affirmed the judgment of sentence per curiam." *Id.* at 345, 280 A.2d at 626 (citation omitted). Subsequently, the lower court "... dismissed the Post Conviction Hearing Act petition without a hearing stating that appellant's claims were patently frivolous or *had been disposed of in prior proceedings.*" *Id.* (Emphasis added.) We held that the ineffective assistance of counsel claim had not been previously litigated: "Ordinarily, in the absence of clear and irrefutable on the record proof that counsel was ineffective, we will not decide an ineffective assistance of counsel claim on direct appeal. Rather we will wait until an evidentiary hearing has given the Commonwealth an opportunity to show that the representation was effective under the standards enunciated in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). Cf. Commonwealth v. Macek, 218 Pa. Superior Ct. 124, 279 A.2d 772 (1971)." *Id.* at 345, n.1.

Given the Commonwealth's position at the time of the direct appeal from the judgment of sentence that a

collateral proceeding was necessary, and given this Court's pre-*Dancer* posture on deciding issues of ineffective assistance of counsel on direct appeal, there is too great a possibility for injustice if we hold that our per curiam affirmance was a "final litigation" of the appellant's *ground* for relief - ineffective assistance of counsel.[8]

However, while we hold that ineffective assistance of counsel, as a *ground* for relief had not been "finally litigated" for purposes of Post Conviction Hearing Act relief, we do not hold that all of the appellant's sixteen arguments, *see* note 5, supra, are properly cognizable on appeal. All but three of these arguments[9] have been waived.

## II
### —A—

Three of the appellant's sixteen arguments represent *new grounds* for relief. *See* note 5, supra. These grounds for relief were not raised on direct appeal from the judgment of sentence and were therefore waived. As our Supreme Court observed in *Commonwealth v. Wideman,* 453 Pa. 119, 123, 306 A.2d 894, 896 (1973): "... [T]o be

---

8. Similarly, on the facts of this case we do not find that the appellant's failure to petition our Supreme Court for allowance of appeal from the per curiam affirmance of the judgment of sentence constituted a "final litigation." *See* note 6, supra. In light of our pre-*Dancer* decisions on the question of whether we would decide issues of ineffective assistance of counsel on direct appeal and the Commonwealth's argument that a collateral proceeding was required, the appellant's decision to immediately (our per curiam affirmance was filed on May 29, 1974, the appellant petitioned for post conviction relief on June 3, 1974) pursue post conviction relief cannot herein operate to his disadvantage.

9. The three theories briefed on direct appeal from the judgment of sentence. *See* note 5, supra.

entitled to relief under the Post Conviction Relief Hearing Act, a defendant must prove 'that the error resulting in his conviction and sentence has not been finally litigated or *waived.*' Section 3 of the Act of 1966, supra, 19 P.S. §1180-3(d). An issue is waived if 'the petitioner knowingly and understandingly failed to raise it ...' and 'the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.' Section 4 of the Act of 1966, supra, 19 P.S. §1180-4(b)(1) & (2)." Instantly, these grounds for relief were apparent on the record at the time of the appellant's direct appeal, and the appellant was represented by counsel other than his trial counsel. The appellant urges no "extraordinary circumstances" in an attempt to justify the failure to raise these grounds when he appealed from the judgment of sentence.[10]

---

10. In *Commonwealth v. Wideman*, 453 Pa. 119, 123, 306 A.2d 894, 896 (1973) the Court stated that "[i]neffective counsel constitutes such 'extraordinary circumstances'" under Section 4 of the Post Conviction Hearing Act. One might argue, therefore, that appellant's ineffective assistance of counsel claim precludes the application of waiver to these new grounds. However, on appeal from the judgment of sentence, appellant was represented by counsel other than his trial counsel, and it is trial counsel who is charged with ineffective representation. Further, these grounds for relief are not, on their face, framed in terms of an ineffective assistance of counsel challenge.

In any event, the first two of these new grounds for relief [ (1) denial of due process in that evidence was admitted against the appellant at trial which was found pursuant to an illegal arrest and search; (2) appellant was denied due process in that an unnecessarily suggestive identification procedure was held without counsel present], are in essence the substantive underpinning for the two theories of ineffective assistance of counsel [ (1) trial counsel's failure to move to suppress evidence seized pursuant to an arrest and search and seizure; and (2) trial counsel's failure to move to suppress the out-of-court identification] the merits of which we will consider in the text following this note. *See Commonwealth v. Learn*, 233 Pa. Superior Ct. 288, 335

—B—

Ten of the appellant's sixteen arguments represent *new theories in support of the ground for relief - ineffective assistance of counsel. See* note 5, *supra.* These new theories have been waived.

In *Commonwealth v. Wilson*,[11] 452 Pa. 376, 305 A.2d 9 (1973) and *Commonwealth v. Slavik*,[12] 449 Pa. 424, 297 A.2d 920 (1972) our Supreme Court held that *new*

---

A.2d 417 (1975). To the extent that the third new ground for relief [appellant did not knowingly and intelligently waive the right to be represented by separate counsel] might be characterized as a challenge to the effectiveness of trial counsel's representation, this would represent a new theory for relief which would be waived. *See* text following this note.

11. In *Commonwealth v. Wilson*, 452 Pa. 376, 305 A.2d 9 (1973) the ground for relief was trial counsel's incompetency. Therein the Court stated: "In this petition the appellant has advanced a *new theory* in support of his previously litigated contention that he did not receive adequate assistance of counsel. However, as we stated in a similar situation in Commonwealth v. Slavik, 449 Pa. 424, 430, 297 A.2d 920, 923 (1972): 'Merely because [appellant] advances a *new or different theory* as a basis for his previously adjudicated claim does not alter the fact that this precise *issue* was decided adversely to petitioner in his previous ... direct appeal.' The appellant raised the issue of the competence of his trial counsel on his direct appeal and that issue was decided adversely to the appellant. The issue is now finally litigated under the terms of the statute and cannot be reopened merely by asserting another theory upon which incompetence could be founded." *Id.* at 378-79, 305 A.2d at 11 (footnote omitted) (emphasis original).

12. In *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972) the ground for relief was the "constitutional infirmity" of a guilty plea. *Id.* at 431, 297 A.2d at 924. Therein the Court stated: "A defendant is not entitled to relitigate the validity of his plea every time he offers a new theory or argument which he had not previously advanced." *Id.* (footnote omitted).

*theories* advanced in support of a petition for post conviction relief were waived when the *ground* for relief had been previously litigated. The distinction between *Commonwealth v. Wilson,* supra, and *Commonwealth v. Slavik,* supra, and this appeal is immediately apparent. Instantly, we have already held that our per curiam affirmance of the judgment of sentence did not "finally litigate" the ground for relief of ineffective assistance of counsel,[13] whereas in both *Commonwealth v. Wilson,* supra, and *Commonwealth v. Slavik,* supra, the Court found that the ground for relief had been previously litigated. Nonetheless, we hold that on the facts of this appeal all *new* theories have been waived regardless of whether the ground for relief was finally litigated.

On direct appeal from the judgment of sentence the appellant was represented by counsel other than trial counsel. All of the facts necessary to frame these new theories were apparent of record at the time of the direct appeal. Although *Commonwealth v. Simon,* 446 Pa. 215, 285 A.2d 861 (1971) is distinguishable from the present case in that in *Commonwealth v. Simon,* supra, the ground for relief, ineffective assistance of counsel, was never raised on direct appeal from the judgment of sentence, there is language in *Commonwealth v. Simon,* supra, the spirit of which is supportive of the application of waiver under the unique procedural circumstances[14] of this appeal. The Court stated: "All of the facts and legal precedents necessary to construct and argue this claim [ineffective assistance of counsel] were as available at the

---

13. Accordingly the three theories in support thereof, *see* note 5, supra, are properly cognizable on appeal. *See* text following this note.

14. Clearly, if we had found merit in the Commonwealth's contention that our per curiam affirmance had finally litigated the ground for relief, ineffective assistance of counsel, under *Commonwealth v. Wilson,* 452 Pa. 376, 305 A.2d 9 (1973) and *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972), there would be no question that the new theories were waived.

time of appellant's direct appeal as they are now. So long as counsel in her prior appeal was constitutionally effective, the fact that her present counsel may perhaps be more imaginative in constructing allegations of trial error is of no moment. To excuse an otherwise effective waiver of a claim on the sole ground that the claim arises from a novel factual setting is contrary to the significant policies of finality clearly embedded in Sections 3 and 4 of the Post Conviction Hearing Act and the cases cited supra." *Id.* at 219, 285 A.2d at 863.

To the extent that our per curiam affirmance was not a "final litigation" of the ground for relief of ineffective assistance of counsel in light of this Court's pre-*Dancer* posture on claims of ineffective assistance of counsel on direct appeal, *see Commonwealth v. Harrison,* supra, the appellant was to develop a record to support the three theories briefed on direct appeal and not to construct ten new theories. Prior to *Commonwealth v. Dancer,* supra, there were cases where ineffective assistance of counsel claims were decided on direct appeal. *See Commonwealth v. Levenson,* 225 Pa. Superior Ct. 318, 303 A.2d 838, *allocatur refused,* 225 Pa. Superior Ct. *xlii* (1973). As we stated in *Commonwealth v. Harrison,* supra: "However, where, as here, counsel on appeal is other than counsel at trial and the question of proper representation arguably appears on the record, public policy and the interest of justice dictate that such an issue should be considered on direct appeal." *Id.* at 44, 323 A.2d at 849 (citation omitted). Arguably, if the appellant, on direct appeal from the judgment of sentence, had briefed all theories relating to the claim of ineffective assistance of counsel, all of which were at that time apparent on the record, this Court might have been persuaded that the record was sufficiently developed such that those theories would have been considered on direct appeal. We hold, therefore, that all theories not constructed at the time of the direct appeal from the judgment of sentence were waived.

## III

Three of the appellant's sixteen arguments are cognizable in this appeal. These three arguments represent the three theories briefed on direct appeal from the judgment of sentence. *See* note 5, *supra.*

The facts pertinent to the incident out of which the charges against the appellant arose are summarized by Judge LOWE in the opinion in which the appellant's post-trial motions were denied:

"Shortly prior to 11:30 P.M., Thursday, May 4, 1972, defendant Harold Jackson and two conspirators entered a freshman dormitory of the University of Pennsylvania at 3333 Walnut Street, Philadelphia. They enlisted the aid of Louie Mercado, a university student and resident of the dormitory, in the purchase of some marijuana. Mercado, in turn, approached Hume R. Steyer, [the complainant] a fellow student and resident, in the hallway of the fourth (4th) floor at approximately 11:30 P.M. and asked if he had any marijuana. Immediately thereafter, defendant and his accomplices approached Steyer, displayed a large roll of currency, and pressed him for a sale. Steyer conteded he had no marijuana for sale, but in an effort to appease the insistent demands decided to give his accosters one marijuana cigarette in the hope they would desist.

"Mr. Steyer entered his room on the fourth (4th) floor of the dormitory followed by Mercado, the defendant, and the two accomplices. The defendant and the two with him shut the door, elevated the volume of a radio, drew handguns which had been concealed previously, and announced a robbery. Steyer and Mercado were directed to remove their shoes, and as Steyer's room was being ransacked, one felon held the business end of a pistol at his temple and another pointed a weapon at Mercado. A small quantity of marijuana and Forty ($40.00) Dollars in currency were taken.

"The three (3) conspirators fled down the stairs to the ground floor. At the lobby desk, the attendant on duty, a dormitory housemaster, directed the three (3) to stop. They continued in their flight, whereupon the housemaster tackled one of them. The captive began to shout, 'shoot him, shoot him' to his companions, and the fearful housemaster then released his quarry. "Parting company, one conspirator fled on foot and the other two, one of whom was this defendant, hailed a taxicab. The Philadelphia Police Department was immediately notified of the incident, provided a description of the felons and told of the escape. Subsequently, this defendant and his accomplice Leonard Sapp, since deceased, were apprehended[15] by patrolling police and brought to the stationhouse at 55th and Pine Streets. Mr. Steyer, then at the stationhouse providing a detailed report of the incident to a Detective Brennan, upon seeing the defendant and his conspirator being brought in, immediately sprang from his chair upon this happenstance encounter and spontaneously exclaimed, 'there are two of them.' " *Commonwealth v. Jackson*, Crim. Div. No. 1088 and 1089 (Court of Common Pleas of Philadelphia County, October 23, 1973).

The standard of review employed where an appellant asserts he was tried without the effective assistance of counsel is established by *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604-605, 235 A.2d 349, 352-353 (1967): "Our task in cases of this nature therefore encompasses both an independent review of the record, see Commonwealth ex rel. Sprangle v. Maroney, 423 Pa. 589, 225 A.2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings

---

15. The details of the arrest are more fully developed in the text following this note.

in light of the available alternatives. Perhaps Brubaker v. Dickson, 310 F.2d 30, 38 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S. Ct. 1110 (1963), best describes this necessary process: 'Facts are alleged from which it would appear that these potential defenses would have suggested themselves to a reasonably diligent trial counsel. The defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Footnotes omitted.) (Emphasis original.)

The two theories upon which the appellant bases his claim that trial counsel was ineffective relate to trial counsel's failure to move to suppress evidence. In *Commonwealth v. Hill*, 231 Pa. Superior Ct. 371, 331 A.2d 777 (1974), we observed: "Ordinarily there is little tactical reason for not filing a motion to suppress. We cannot tell from the record why counsel did not file one. It does not follow from this fact, however, that counsel was ineffective. It may be that he saw little chance for success and therefore little benefit to be derived from the motion. Also, he may have regarded the bait money as a relatively small part of the prosecution's case; the police officer who had bought the heroin and the officers who had witnessed the transaction all were ready to and did identify petitioner as the seller. However, it is not important, and we need not decide, what was in counsel's mind; it may even be assumed that his failure to file a

motion was an oversight. *We have considered what would have been the result if he had filed a motion and have seen that the motion would have been denied, for the arrest was lawful and therefore the search incident to it valid.* Counsel will not be declared ineffective for failure to fite a motion that he could reasonably have regarded as *pro forma*." *Id.* at 375-376, 331 A.2d at 780 (emphasis added).[16]

Appellant contends that trial counsel should have moved to suppress the stationhouse confrontation between the complainant and the appellant and his co-defendant. Employing the approach articulated in *Commonwealth v. Hill*, supra, we are of the opinion, after a complete review of the record, that a motion to suppress this out-of-court identification would have been successful. *See generally, Stoutzenberger Appeal*, 235 Pa. Superior Ct. 500, 344 A.2d 668 (1975).[17] However, it does not follow from this that trial counsel was ineffective. Given trial counsel's defense theory we are unable to conclude that trial counsel's failure to file a motion to suppress the identification had "no" reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, supra.

The defense theory, as explained by the appellant's

_____

16. In *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975), the Court also analyzed a claim of ineffective assistance of counsel for failure to suppress evidence in terms of "whether or not the motion to suppress would have been futile." *Id.* at 32, 334 A.2d at 618.

17. However, we believe, after a complete review of the facts surrounding the incident that there would have been a proper basis for an in-court identification of the appellant independent of the police station confrontation. *See, Commonwealth v. Burton*, 452 Pa. 521, 307 A.2d 277 (1973). The complainant had sufficient time under sufficient lighting to view the appellant at the time of the incident. (N.T. at 133, 155). *See Commonwealth v. Wortham*, 235 Pa. Superior Ct. 25, 342 A.2d 759 (1975).

trial counsel at the post-conviction hearing, was "confession and avoidance." Appellant's trial counsel attempted to prove that the appellant and his co-defendant had gone to the complainant's room to purchase heroin. The theory was that the complainant gave the appellant and his friends "bad stuff." After the appellant left the room he tasted the heroin, realized it was baking soda, and went back for the "good stuff." The appellant then testified that he told the complainant that he would use the Philadelphia "hot line" to turn the complainant in as a pusher. The complainant gave them the heroin (12 packets found on the co-defendant at the time of the arrest) and as a peace offer gave them some marijuana. No marijuana or hashish was ever found or introduced at the trial. Of course the conspirator who fled may have had it. The appellant under this strategy would admit his presence in the complainant's room. We cannot conclude, therefore, that a failure to suppress a one-on-one out-of-court identification placing the appellant in the complainant's room, when at trial the appellant would admit his presence in the room, had "no reasonable basis." Moreover, to the extent that appellant's contention is tantamount to a claim that trial counsel's choice of a defense theory was incompetent, we have examined the record and we cannot conclude " '[t]he defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' " *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. at 604, 235 A.2d at 352 (1967) *quoting Brubaker v. Dickson,* 310 F.2d 30, 38 (9th Cir. 1962), *cert. denied,* 372 U.S. 978 (1963).

The appellant's second theory upon which he bases his conclusion that trial counsel was ineffective is that trial counsel should have moved to suppress evidence seized pursuant to the arrest and the search and seizure. The appellant contends that there was no probable cause to stop the taxicab and search it. Again, employing the

approach articulated in *Commonwealth v. Hill*, supra, but unlike the motion to suppress the out-of-court confrontation which would not have been futile, we have examined the record and we conclude that a suppression motion would have been futile.

In *Commonwealth v. Hill*, supra at 374, 331 A.2d at 779, we summarized the applicable legal principles: "A warrantless arrest is justified if based upon probable cause. McCray v. Illinois, 386 U.S. 300 (1967). Probable cause has repeatedly been held to exist, if 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' Ker v. California, 374 U.S. 23, 34-35 (1963); Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Betrand's Appeal, 451 Pa. 381, 385, 303 A.2d 486, 488 (1973)."

Instantly, the arresting officers were in possession of a description of the complainant's assailants; a description which they had jotted down when given to them. The officers testified that they spotted the appellant and his co-defendant, who fit the description of two of the complainant's assailants, entering a cab in the vicinity of the scene of the robbery. After complete review of the trial testimony of the arresting officers we conclude that there was sufficient probable cause for the arrest. "The search, in turn, was valid as incident to a lawful arrest. Commonwealth ex rel. Whiting v. Rundle, 414 Pa. 17, 198 A.2d 568 (1964)." *Commonwealth v. Hill*, supra at 374-375, 331 A.2d at 779. Trial counsel testified at the post conviction evidentiary hearing that he did not feel that there were grounds for a motion to suppress the evidence because of "... close proximity of space and time, together with what we were prepared to defend against." (N.T. PCHA at 81-82.) "Counsel will not be declared ineffective for failure to file a motion that he could reasonably have regarded as *pro forma*." *Commonwealth v. Hill*, supra at 376, 331 A.2d at 780.

Lastly, the appellant contends that his trial counsel was ineffective because he failed to timely file post-trial motions. Appellant is on record (N.T. at 538) that he wanted post-trial motions filed. Therefore, we are not concerned with any issue of a knowing and voluntary waiver of the right to file post-trial motions. *See, Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974). In fact, post-trial motions were filed but they were not considered on their merits because they were not timely filed. *See* note 1, supra. In view of the fact that the appellant never had his post-trial motions considered on the merits, we grant appellant leave to file his original post-trial motions *nunc pro tunc*.

Order reversed and case remanded with instructions that appellant be permitted to file his original post-trial motions *nunc pro tunc*.

VAN DER VOORT, J., concurs in the result. SPAETH, J., joins in both the Majority Opinion by JACOBS, J., and in the Concurring Opinion by HOFFMAN, J.

CONCURRING OPINION BY HOFFMAN, J.:

The Majority has correctly applied the principles enunciated by our Supreme Court, and, therefore, I join in the Majority Opinion. Specifically, we hold that only the three instances of ineffectiveness which were raised on direct appeal have been properly preserved; the additional ten asserted instances of ineffectiveness have been waived because they were apparent of record at the time of the direct appeal and thus could have been raised by appellate counsel. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Because they were not, we cannot address the merits.

I would like to point out, however, that the application of these principles in the instant case operates to defeat the goals of judicial economy and the efficient operation of the court system which the waiver doctrine intends. See *Commonwealth v. Mitchell*, 464 Pa. 117, 346

A.2d 48, 52 (1975). Appellant has already been represented by three different attorneys: trial counsel, appellate counsel, and PCHA counsel. The ineffectiveness of direct-appeal counsel may be challenged in a PCHA proceeding. *Commonwealth v. Dancer*, supra at 101, n.4, 331 A.2d at 438, n.4. There would not seem to be any impediment to challenging the ineffectiveness of a PCHA counsel in a subsequent PCHA proceeding. Thus, appellant may retain a fourth attorney to represent him in a second PCHA proceeding, and will be able to raise the ten issues we hold waived by asserting that the first PCHA counsel was ineffective for failing to raise the ineffectiveness of direct-appeal counsel who was ineffective for only raising three instances of the ineffectiveness of trial counsel when there were actually thirteen instances of trial counsel's ineffectiveness. If appellant's new claims are decided against him, he no doubt will perfect another appeal to this Court.

SPAETH, J., joins in this concurring opinion.