390 A.2d 197

**COMMONWEALTH of Pennsylvania**

v.

**Russell RIVERS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1977.

Decided July 12, 1978.

468

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Russell Rivers, appellant, was arrested along with an accomplice on February 4, 1969, on charges stemming from his involvement in the armed holdup of a Philadelphia Housing Authority Office. He was charged with burglary,[1] aggravated robbery,[2] and carrying a firearm[3] without a

1. Act of June 24, 1939, P.L. 872, 18 P.S. § 4901.

2. Act of June 24, 1939, P.L. 872, 18 P.S. § 4705.

3. Act of June 24, 1939, P.L. 872, 18 P.S. § 4628(e).

license. On July 6, 1970, a Motion to Suppress identification evidence along with Motions to Suppress other evidence were litigated. However, the following day the Motion to Suppress the identification evidence was withdrawn and the other motions were denied. Appellant stood trial on July 7, 1970, before a judge and jury which resulted in the declaration of a mistrial when the jury could not agree on a verdict.[4] A second trial commenced on May 6, 1971, where appellant was represented by appointed counsel. On May 10, 1971, the jury returned a verdict of guilty on the charges of robbery, carrying a firearm without a license and burglary. Post-verdict motions were filed and denied. On December 28, 1971, appellant was sentenced to serve a term of incarceration for not less than three years nor more than ten years on the charge of aggravated robbery. The sentences on the charges of burglary and carrying a firearm without a license were suspended. An appeal from the judgment of sentence was filed at Nos. 367–369, October Term, 1972, with this Court by newly appointed counsel. In *Commonwealth v. Rivers*, 222 Pa.Super. 730, 294 A.2d 771 (1972), we affirmed the judgment of sentence of the lower court by per curiam order.

A petition under the Post-Conviction Hearing Act[5] was filed by appellant on July 14, 1975, and the Defender Association was appointed to represent him. An evidentiary hearing was held on June 2, 1976, before the Honorable ETHAN ALLEN DOTY after which appellant's requested relief was denied. From that order of court this appeal was filed.

Briefly, the facts at the trial established that two men both armed with pistols entered a Philadelphia Housing Authority office on February 4, 1969, shortly after 1:00 p. m. Three employees were on the premises at that time, two women and a man. The two women were tied up with tape and, with a gun held to his head, the man was instructed to

---

4. Appellant was represented by retained counsel at the time of his first trial.

5. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.* (Supp.1975–76).

open the safe or else they would "blow his brains out". In addition to emptying the safe, the two assailants took the wallet, checkbook and $14 in cash from the male employee. About this point in time, police sirens sounded and the two individuals ran from the office leaving behind a shopping bag containing a black sweater, a quantity of rope, a black hat, gloves, two bank bags, and $200 that had been removed from the cash drawer. Appellant and his partner fled to a nearby house where they were eventually apprehended by the police. The wallet was recovered from the pocket of appellant's accomplice and two pistols, a .45 caliber automatic and a .38 caliber revolver, were recovered a short distance from where two individuals were taken into custody.

In the instant appeal, from the denial of relief under his post-conviction petition, appellant raises several issues all pertaining to the ineffective assistance of counsel. It is his initial contention that trial counsel was ineffective because he failed to request that the jury be polled after the foreman indicated that the jury had difficulty reaching a decision. However, the Commonwealth argues that this issue is not properly before this Court because it had been finally litigated in appellant's direct appeal. In support of its position, the Commonwealth refers to Sections 1180–3 and 1180–4 of the Post Conviction Hearing Act, supra.

§ 1180–3. Eligibility for relief

To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 (§ 1180–5) and must prove the following:

(d) That the error resulting in his conviction and sentence has not been finally litigated or waived.

§ 1180–4. When an issue is finally litigated or waived

(a) For the purpose of this act, an issue is finally litigated if:

(2) The Superior Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

The Commonwealth maintains that since this same issue was raised on direct appeal and the Superior Court affirmed the judgment of sentence by per curiam order the issue has been finally litigated within the meaning of the Post Conviction Hearing Act. It is further alleged that appellant's failure to seek redress by petitioning the Supreme Court for allocatur was a knowing and understanding failure thereby precluding us from entertaining it in the present appeal.

Appellant filed his direct appeal within the required time after judgment of sentence was imposed on December 28, 1971. Therefore, his appeal was decided before our Supreme Court's decision in *Commonwealth v. Dancer*, 460 Pa. 95, on page 100, 331 A.2d 435, on page 438 (1975) wherein the court stated:

Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may *only* be raised in P.C.H.A. proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffectiveness are based do not appear in the trial record, 3) where the petitioner is able to prove the existence of other "extraordinary circumstances" justifying his failure to raise the issue, Post Conviction Hearing Act § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1974) or 4) where the petitioner rebuts the presumption of "knowing and understanding failure." Post Conviction Hearing Act § 4(c), 19 P.S. § 1180–4(c), 19 P.S. § 1180–4(c) (Supp.1974). (Emphasis added).

Prior to *Dancer*, the position of the Pennsylvania appellate courts was that claims of ineffectiveness of counsel should not be raised on direct appeal, but raised for the first time in a P.C.H.A. petition. In *Commonwealth v. Harrison*, 228 Pa.Super. 42, 323 A.2d 848 (1974), we stated:

> Ordinarily this Court will not decide a claim of ineffectual assistance of counsel on direct appeal. (Citation omitted). However, where, as here counsel on appeal is other than counsel at trial and the question of proper representation arguably appears on the record, public policy and the interest of justice dictate that such an issue should be considered on direct appeal. *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970) Id., 228 Pa.Super. at 44–45, 323 A.2d at 849.

Thus a per curiam order affirming the judgment of sentence in a case where the issue of ineffectiveness of trial counsel is raised could have been the result of either a determination by us that the claim had no merit as it appeared on the record or our policy not to decide issues of ineffective assistance of trial counsel on direct appeal. The problem of what effect should be given to a per curiam affirmance as it relates to section 1180–4(a) of the Post Conviction Hearing Act arose in *Commonwealth v. Jackson*, 239 Pa.Super. 121, 362 A.2d 324 (1976). We held in *Jackson* that a per curiam affirmance of a direct appeal did not result in the issue of trial counsel's ineffectiveness being "finally litigated" for purposes of raising it in a subsequent P.C.H.A. petition.

We stated:

> Given the Commonwealth's position at the time of the direct appeal from the judgment of sentence that a collateral proceeding was necessary, and given this Court's pre-*Dancer* posture on deciding issues of ineffective assistance of counsel on direct appeal, there is too great a possibility for injustice if we hold that our per curiam affirmance was a "final litigation" of the appellant's ground for relief—ineffective assistance of counsel. (footnote omitted) 239 Pa.Super. 121, 362 A.2d 324, 330 (1976).

The Commonwealth in the present appeal argues that the situation is different here than in *Jackson*. In the latter case, the Commonwealth stated in its brief filed on direct appeal that the record did not establish irrefutably that trial counsel was ineffective and therefore it was necessary for the case to be remanded for a collateral hearing on that

issue. Thus our per curiam affirmance could have been based on either a procedural issue, i. e. affirming the judgment of sentence and thereby permitting appellant to raise the claim of ineffective counsel in a P.C.H.A. petition or it could have been based on the merits of the claim. Instantly, the Commonwealth maintains that the per curiam affirmance was based on the merits because there was never any assertion that a collateral hearing was necessary nor was any other procedural issue raised that could have caused us to reach a decision based on anything other than the merits. However, in *Jackson* we stated the reasons for our decision that the issue was not finally litigated in the conjunctive. It was due to the Commonwealth's position that a collateral hearing was necessary *and* our pre-*Dancer* posture that we decided the possibility for injustice was too great if we held that our per curiam affirmance resulted in the issue being "finally litigated". Since our decision in appellant's direct appeal was prior to *Dancer*, we hold that for the purposes of appellant's P.C.H.A. petition and the instant appeal the claim of ineffective assistance of trial counsel for his failure to request that the jury be polled has not been finally litigated.

The lower court stated in its opinion accompanying appellant's appeal from the denial of P.C.H.A. relief that the issue discussed above was not cognizable in the P.C.H.A. petition because appellant was represented on appeal by counsel other than the one who represented him during trial and the error complained of appeared on the record. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). However, we must disagree. There is nothing in the record that indicates that trial counsel was ineffective for failing to request that the jurors be polled. The jury retired to deliberate at 10:45 A.M. and returned with a verdict of guilty on each of the three counts at 11:30 A.M. This was only a matter of time, a little over one hour. Upon announcing the last verdict, the foreman stated:

THE FOREMAN: Guilty. May I say something? We had a difficult time in reaching our decision. We find that after considering the evidence, that we ask the court to be lenient as it can.

THE COURT: Your request is for leniency?

THE FOREMAN: Yes.

THE COURT: I realize you have a little difficulty. You were unanimous in your decision. Is that right?

THE FOREMAN: Yes.

Considering the very short period of time needed to reach a verdict on three separate charges and the inquiry by the court that the verdicts were unanimous there was little to suggest to subsequent counsel that trial counsel's failure to request that the jury be polled[6] was error. Furthermore, we are not prepared to hold that trial counsel's failure to poll the jury constituted ineffective representation. The lower court asked specifically whether the verdicts were unanimous and the court crier, prior to recording the verdict, also inquired:

THE CRIER: Jurors, have you agreed upon a verdict?

THE FOREMAN: Yes, we have.

THE CRIER: All twelve (12) agree?

THE FOREMAN: Yes.

In light of the fact that the foreman repeated on two separate occasions that the verdicts were unanimous, we are not prepared to hold that counsel was ineffective for failing to request that the jury be polled. We have often held that trial counsel cannot be deemed ineffective for not pursuing a non meritorious or fruitless motion. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975).

Appellant's second claim for relief is again based on the ineffective assistance of trial counsel. However, it is counsel who represented appellant during his first trial, which resulted in a mistrial, whose representation is now being questioned. Specifically, appellant argues that counsel in the first trial was ineffective for withdrawing a

---

**6.** Rule 1120(f) of the Criminal Rules of Procedure provides:
Before verdict, whether oral or sealed, is recorded, the jury shall be polled at the request of any party. If upon such poll, there is no concurrence except for a sealed verdict, the jury shall be directed to retire for further deliberations.

motion to suppress identification evidence. He maintains that this was a well founded motion and should have been fully litigated. However, the first trial resulted in a mistrial and at appellant's second trial he was represented by different counsel. New counsel was free to file a new motion to suppress if such was deemed appropriate. Counsel, with the availability of the notes of the first trial, elected not to file a new motion. Section 4 of the Post Conviction Hearing Act states that an issue is waived if

["1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and 2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."]

Section 4 further states that: "There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure". Appellant has proffered nothing in the present appeal to rebut the presumption that counsel who represented him during his second trial elected not to file a new motion to suppress the identification evidence for acceptable reasons. Therefore, we find that appellant has waived his right to raise the issue at this time.

Appellant's next two issues concern the ineffective assistance of trial counsel who represented him during his second trial. He alleges that counsel was ineffective for 1) failing to secure the attendance of an important alibi witness and by failing to investigate the alibi defense and 2) for failing to request a brief adjournment to secure the presence of an important character witness. Neither one of these two issues was raised in post-trial motions or on direct appeal and therefore are presumably waived. 19 P.S. § 1180–4(b). However, appellant alleges that appellate counsel, who was other than trial counsel, was ineffective which establishes "extraordinary circumstances" and thus precludes the application of the waiver doctrine. *Commonwealth v. Wideman,*

453 Pa. 119, 306 A.2d 894 (1973). In order to resolve this contention, we must apply the standard pronounced in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

In the instant case we have a situation where appellate counsel chose not to raise certain issues on direct appeal. The Supreme Court in *Maroney* stated that a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, Id. 427 Pa. at 605 n.8, 235 A.2d 349. The Court expanded on this position in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, on page 696 (1977) when it said:

Because counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion.

Before we can make an inquiry into whether or not appellate counsel had some reasonable basis for not raising the two issues on appeal, we must determine whether or not the issues were of arguable merit.

■ With respect to appellant's claim, that trial counsel who represented him during the second trial was ineffective for failing to call an alibi witness by the name of Wilbern, who testified at the first trial, the record indicates that Wilbern, could not say unequivocally that appellant was with him at the precise time of the robbery. Wilbern's testimony during the first trial was that appellant was at the same residence as he until about 1:15 P.M. The robbery occurred shortly after the employees of the Housing Authority returned from lunch at 1:00 P.M. Since the testimony concerned approximate times and the robbery occurred at 5920 Morton Street while Wilbern testified that he saw

appellant at 5300 Morton Street, only six blocks distant, shortly after 1:00 P.M., his testimony does not eliminate the possibility of appellant's participation in the robbery. Moreover, of even greater significance is the fact that the Commonwealth had available and did actually produce a rebuttal witness at the second trial. Wilbern did not testify at the second trial, but appellant testified that Wilbern was present at the same residence as he at the time of the robbery. The Commonwealth's rebuttal witness at the second trial was the office manager of the company where Wilbern was employed at the time in question. She testified that Wilbern's time card indicated that he reported for work on the date of the robbery at 7:15 A.M. and left at 4:05 P.M. There was no indication that he left the company at anytime during the day. Therefore, it would have been impossible for him to have been at the same residence as appellant around 1:00 P.M. on February 4, 1969. All of the above related testimony was available to appellate counsel prior to filing post-trial motions and the direct appeal. The record clearly indicates that not raising second trial counsel's ineffectiveness for failing to secure the attendance of Wilbern had a reasonable basis and therefore appellate counsel was not ineffective.

Appellant's second contention regarding the allegation of appellate counsel's ineffectiveness is that counsel failed to request a brief recess to secure the presence of an important character witness. Character testimony of four witnesses was entered by way of stipulation. However, it is appellant's position that the additional witness who would have testified to his good reputation in the community was caucasian and therefore would buttress his defense of good character. However, we find this claim of little merit. Four witnesses were introduced in support of appellant's reputation and the Commonwealth stipulated that they would all testify to his good reputation. One additional witness, regardless of race, would have made no significant impact on the jury. Thus, we find that appellate counsel

was not ineffective for failing to raise the issue that trial counsel was ineffective when he did not request a recess.

Affirmed.

JACOBS, President Judge, and SPAETH, J., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.