Commonwealth *v.* Hill, Appellant.

372

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Corbett, Jr.,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

Petitioner, Joseph Hill, appeals from denial of relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1974-75).

On January 12, 1972, petitioner sold to an undercover agent for $50 a small foil-wrapped item, which petitioner said was heroin, and which in fact was later analyzed and found to be heroin. Eight days later, petitioner and one Lloyd Anderson met with the agent to conclude another sale. This time two ounces of heroin were sold for $2,200. Immediately afterwards, police officers on surveillance attempted to apprehend petitioner and Anderson, but they eluded the officers. A chase ensued. Petitioner and Anderson abandoned their car, ran down a hill and through a wooded area, and emerged near a highway, with the police in hot pursuit on foot and in cars. Police radio dispatches alerted all cars to watch for two armed "colored men." An officer in a patrol car responding to the radio stopped petitioner and Anderson, who were running along the highway less than half of a mile from the scene of the sale. One minute later an officer who had been chasing them joined the patrol car officer and identified them. They were searched and the bait money was recovered.

The next day petitioner told the police that more drugs were stashed in his home behind the stereo. Officers armed with a search warrant found these additional drugs in the location petitioner had indicated. At trial, petitioner waived a jury and was convicted of conspiracy[1] and possession and dealing in heroin.[2] Motions in arrest of judgment or for new trial were denied, and no direct appeal was filed. The present PCHA petition was filed on April 26, 1972. The court below held a hearing and denied relief. An appeal to this court followed, but a petition to remand for reconsideration was granted. On remand, relief was again denied. This appeal followed.

Petitioner first contends that the physical evidence was seized pursuant to an unlawful arrest. A warrantless arrest is justified if based upon probable cause. *McCray v. Illinois,* 386 U.S. 300 (1967). Probable cause has repeatedly been held to exist if "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Ker v. California,* 374 U.S. 23, 34-35 (1963); *Brinegar v. United States,* 338 U.S. 160, 175-176 (1949); *Betrand's Appeal,* 451 Pa. 381, 385, 303 A. 2d 486, 488 (1973). Here, even though the hurried radio dispatch, describing the suspects as two armed colored men, was general, petitioner and Anderson were running from the scene of the crime when stopped, and were within a minute identified by an officer in pursuit. Under these circumstances, there was sufficient probable cause to arrest. The search, in turn, was valid as

---

[1] Act of June 24, 1939, P. L. 872, §302, 18 P.S. §4302. Repealed. Act of Dec. 6, 1972, P. L. 1482, No. 334, §5.

[2] Act of Sept. 26, 1961, P. L. 1664, §4, 35 P.S. §780-4. Repealed. Act of April 14, 1972, P. L. 233, No. 64, §43.

incident to a lawful arrest. *Commonwealth ex rel. Whiting v. Rundle,* 414 Pa. 17, 198 A. 2d 568 (1964).

Petitioner also contends that he was denied his constitutional right to effective counsel at trial. Consideration of the effectiveness of counsel necessarily encompasses both an independent review of the record and an examination of counsel's conduct of the defense in the light of available alternatives. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). Counsel's assistance is constitutionally effective if the particular course chosen by him has some reasonable basis designed to protect his client's interests. *Id.* Petitioner submits that counsel did not make an adequate effort to obtain evidence to support a motion to suppress the evidence seized incident to his arrest, and that counsel did not present a sufficient defense at trial.

Counsel was an experienced criminal attorney privately retained by appellant. He had met with petitioner four to six times before the trial and was therefore as well aware of the facts of the case as petitioner could make him. At the PCHA hearing, counsel testified that he almost invariably files motions to suppress in possession cases but that in this instance he did not; counsel gave as his reason that "certain statements" had been made by petitioner. As we read the record, this evidently was a reference to petitioner's statements to the police to the effect that they would find additional heroin behind the stereo. However, petitioner does not challenge counsel's failure to file a motion to suppress those drugs; as noted, the challenge is to counsel's failure to file a motion to suppress the evidence seized incident to the arrest, *i.e.,* the bait money.

Ordinarily there is little tactical reason for not filing a motion to suppress. We cannot tell from the record why counsel did not file one. It does not follow from this fact, however, that counsel was ineffective.

It may be that he saw little chance for success and therefore little benefit to be derived from the motion. Also, he may have regarded the bait money as a relatively small part of the prosecution's case; the police officer who had bought the heroin and the officers who had witnessed the transaction all were ready to and did identify petitioner as the seller. However, it is not important, and we need not decide, what was in counsel's mind; it may even be assumed that his failure to file a motion was an oversight. We have considered what would have been the result if he had filed a motion and have seen that the motion would have been denied, for the arrest was lawful and therefore the search in cident to it valid. Counsel will not be declared ineffective for failure to file a motion that he could reasonably have regarded as *pro forma*.

With respect to petitioner's claim that counsel did not present a sufficient defense: No witnesses were called for the petitioner, and he did not testify in his own behalf. It is not suggested by petitioner, however, that he had witnesses who could have testified in a manner helpful to him. In fact, petitioner's trial counsel testified at the PCHA hearing that he had no witnesses. Counsel vigorously cross-examined each of the Commonwealth's witnesses in relation to all the charges and diligently sought to impugn their credibility. In addition, he endeavored to elicit from the Commonwealth's witnesses testimony concerning possible entrapment. These attempts, however, were prevented by the trial judge as being beyond the scope of the direct examination. Counsel later challenged this judicial restriction by post-trial motions, but, as noted, these were denied. In sum, counsel sought to defend petitioner by attacking the credibility of the Commonwealth's witnesses and by developing the defense of entrapment. Just because this strategy was not successful does not

mean that it was constitutionally ineffective. As stated in *Commonwealth v. Hill,* 450 Pa. 477, 482, 301 A. 2d 587, 590 (1973): "This Court will not substitute its 'hindsight evaluation of the record' to retrospectively determine whether counsel's decision had any reasonable basis. If counsel's actions at the time of the trial were reasonable, that is sufficient."

Petitioner finally contends that his constitutional right to appeal following the denial of his post-trial motions and the imposition of sentence was denied without a knowing and intelligent waiver. He argues specifically that he was never informed of his right to appeal, and that counsel was ineffective in perfecting an appeal. A defendant has a right to appeal his conviction. Pa. Const. Art. 5, §9. If indigent, he is entitled to the assistance of counsel for prosecution of his appeal. *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A. 2d 883 (1966). These rights can be waived, but the presumption is against waiver of a constitutional right. *Commonwealth v. Norman,* 447 Pa. 217, 285 A. 2d 523 (1971). For there to be an effective waiver, there must be "an intentional relinquishment or abandonment of a known right." *Commonwealth ex rel. Light v. Cavell,* supra, at 218, 220 A. 2d at 884. In *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968), the Supreme Court further explained that if the hearing court finds that the petitioner knew of his right to appeal and of his right to appointed counsel, then it can find waiver. Here, the record shows that the trial judge did inform petitioner of both his right to appeal and his right to appointed counsel for prosecution of his appeal. Further, petitioner's trial counsel testified at the PCHA hearing that he was almost certain he had told petitioner he would represent him on appeal if so instructed but that petitioner never gave such instructions. On this record we shall not disturb

the finding of the court below that petitioner waived his rights concerning appeal.[3]

The order of the court below is affirmed.

---

[3] Petitioner claims he did not receive a copy of the trial transcript after he petitioned the court for a copy, and that this delayed his opportunity to appeal. Since petitioner knew he could appeal and knew he could have the assistance of counsel, the fact that he personally did not receive a trial transcript is no excuse.