## Commonwealth *v.* Betts, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen G. Young*, for appellant.

*Harry M. Spaeth, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant contends that failure by his trial counsel to file a motion to suppress identification evidence and post-trial motions constituted ineffective assistance of counsel.

On May 19, 1973, Mrs. Edna Bayer and her husband were walking on 45th Street, near Pine Street in Philadelphia at about 4:00 p.m., Mrs. Bayer was grabbed from behind and knocked to the ground by an assailant who managed to grab Mrs. Bayer's pocketbook. Neither she nor her husband was able to identify the assailant because he had approached from the rear.

Eric Richter and his wife, Carolyn Richter, were on the other side of 45th Street at the time of the assault. Mrs. Richter saw the assailant step between two parked cars, look up and down the street, and then attack Mrs. Bayer. She alerted her husband to the purse snatch. He did not see the actual incident, but turned to see the assailant running away with the purse. Mr. Richter pursued the assailant along Spruce Street, to Melville Street where the assailant fled into an alley at the corner of Locust and Melville Streets. When Mr. Richter turned the corner, the assailant struck his pursuer in the face, thereby escaping. Mr. Richter then called the police.

Mrs. Richter described the assailant to the police as a "black male approximately 6′ in height, a navy blue jacket which at that point was zipped up, with a dark collar . . . blue jeans that were rolled up . . . , white socks and white sneakers." Mr. Richter described the man as wearing a v-neck brown shirt with yellow stripes, blue jeans with cuffs rolled up, sneakers, and a blue waist-length nylon jacket with writing on the left breast pocket.

Pursuant to a radio broadcast, Officer Frank Rooney of the Philadelphia Police Department stopped appellant at the corner of 45th and Walnut Streets. Appellant was wearing a blue jacket and blue jeans and was carrying a gold jacket.[1] The police took appellant back to the scene

---

1. Appellant alleges that when the police stopped him on the street, he was wearing the gold jacket and that the officer forced him to trade jackets with a friend with whom appellant had been walking. Both the trial court and the PCHA hearing judge rejected appellant's version of the incident.

of the purse snatch where he was identified by both Mr. and Mrs. Richter.

On August 16, 1973, appellant waived his right to trial by jury and appeared before Judge MARSHALL as trier of fact. The judge found appellant guilty of robbery and assault and battery and sentenced him to 11½ to 23 months' imprisonment. No post-trial motions were filed on appellant's behalf. Thereafter, however, appellant filed a petition under the Post Conviction Hearing Act.[2] A hearing was held before Judge DOTY on September 24, 1974. Appellant, represented by new counsel, alleged that his trial counsel was ineffective in failing to file a pretrial motion to suppress the eyewitness identification and to challenge the legality of appellant's arrest and in advising appellant not to pursue a new trial via post-trial motions. Judge DOTY denied appellant's petition. Appeal is taken from that order.

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604-05, 235 A.2d 349, 352-353 (1967), the leading Pennsylvania case on effective assistance of counsel, articulated the following standard by which we must judge trial counsel's conduct of a criminal case: "We cannot emphasize strongly enough . . . that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

Our Court stated in *Commonwealth v. Hill*, 231 Pa. Superior Ct. 371, 375-376, 331 A.2d 777, 780 (1974), that

---

2. Act of Jan. 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 et seq.

"[o]rdinarily there is little tactical reason for not filing a motion to suppress. We cannot tell from the record why counsel did not file one. It does not follow from this fact, however, that counsel was ineffective. It may be that he saw little chance for success and therefore little benefit to be derived from the motion. . . . [W]e need not decide . . . what was in counsel's mind; it may even be assumed that his failure to file a motion was an oversight." We considered the merits of appellant-Hill's contention and because we decided that the motion woud have been properly denied, failure to file the motion was not deemed ineffective assistance of counsel.

Appellant's trial counsel did not challenge the legality of appellant's arrest. During appellant's PCHA hearing, his trial counsel stated, "I told you that in my opinion he was arrested when he was identified. And I think they had a right to arrest him [after the identification]." At the same time, appellant testified at the hearing that ". . . when they did take me around I wasn't under arrest. I went on my own free will not knowing it was going to hurt me." Thus, even if appellant was taken to the crime scene by the police without probable cause, it appears from appellant's own admission that he consented to the viewing by the eyewitnesses. Further, given the extensive description proffered by the two eyewitnesses, the police undoubtedly had probable cause to arrest the appellant when he was picked up on Walnut Street. Cf. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974).

Similarly, the appellant's trial counsel did not challenge the on-the-scene identification made by the Richters. At the PCHA hearing, appellant's trial counsel was questioned about his trial strategy: "Q.: Now at the time of the confrontation, and that would be on Pine Street, did you ever discuss with Mr. Betts the possibility that this was a tainted confrontation?

"A.: No, I didn't.

"Q.: Did it ever occur to you as part of your trial strategy that this may be a tainted [confrontation]?

"A.: No."

The law in Pennsylvania is clear that absent some special unfairness, prompt on-the-scene confrontations comport with the requirements of due process. *Commonwealth v. Turner*, 454 Pa. 520, 314 A.2d 496 (1974). *See also, United States ex rel. Gomes v. New Jersey*, 464 F.2d 686 (3d Cir. 1972); *United States v. Gaines*, 450 F.2d 186 (3d Cir. 1971), cert. denied, 405 U.S. 927 (1972). In *Turner*, the Court noted that "the reliability inhering in an immediate identification and the rapid release of a mistaken suspect outweigh [ ] the prejudice. We believe that the close proximity in time and place does greatly reduce the chance of misidentification and we agree that mistaken suspects ought not suffer the hardship and embarrassment inuring to protracted police custody." 454 Pa. at 523-524.

Appellant does not point to any unfairness that surrounded the on-the-scene identification. From our examination of the record, the police procedure guaranteed reliability of the eyewitness identification—the confrontation was within fifteen minutes of the incident, within the immediate vicinity of the assault. The confrontation produced unshaken identification by the Richters.

Thus, because neither the claim of illegal arrest nor that of illegal identification had merit, counsel's failure to file motions to suppress evidence did not amount to ineffective assistance of counsel.

Finally, appellant contends that he did not voluntarily waive his right to file post-trial motions. Initially, however, an extensive colloquy conducted by the trial court appears of record and indicates that appellant did knowingly and intelligently decide not to pursue post-trial motions. At the PCHA hearing, appellant's trial counsel testified that after the trial he felt that such motions would be fruitless and so advised appellant. He stated

also that appellant agreed with his decision not to file the motions. The PCHA court found that appellant failed to present any evidence upon which relief could be granted. Cf. *Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973). Thus, we find that appellant voluntarily waived his right to file post-trial motions.

Order of the PCHA court is affirmed.