364 A.2d 483

**COMMONWEALTH of Pennsylvania**

v.

**Charles Harold FISHER,
Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

David R. Eshelman, Asst. Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Asst. Dist. Atty., Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that his conviction for burglary should be reversed for the following reasons: (1) there was insufficient evidence to support the verdict, (2) the verdict was against the weight of the evidence, (3) the trial court should have granted a mistrial because of a prejudicial statement advanced by a prosecution witness, (4) the trial court should have held a suppression hearing, (5) defense counsel was ineffective for failing to file a timely suppression motion, and (6) the sentence imposed was excessive.

In the early morning hours of January 21, 1974, Stanley's Radio and T.V. store in Reading, Berks County, was broken into and a television was stolen. On March 21, 1974, the Reading police, pursuant to a search warrant, searched the apartment of appellant and removed a television set of the same make and size as the one stolen. The model and serial numbers, however, had been obli-

terated from the set found in appellant's apartment. Following the search, the police arrested appellant and interrogated him at the police station. Appellant admitted that he had broken into the store and had stolen the television set.

Appellant was indicted on charges of burglary [1] and receiving stolen property.[2] Trial was originally scheduled for September, 1974, but was continued until October, because of defense counsel's heavy work load. The trial date was thereafter postponed until November 19, 1974, because recent changes in the dictating equipment in defense counsel's office had prevented him from filing a suppression application. On November 8, 1974, counsel filed an application for suppression of evidence on the grounds that the search warrant was defective and the confession was involuntary. The trial judge refused to hear this suppression application because it was not filed within the time required by Rule 323, Pa.R.Crim.P. (Supp.1976). Appellant failed to appear for trial on November 19, 1974, and the trial was rescheduled for January 20, 1975. On that date, defense counsel asked for a continuance on the ground that the November 8, 1974 suppression application was still outstanding; the trial judge denied this motion. Four days later another continuance was granted for reasons unrelated to the issues presented by this case. Finally, on February 20 and 21, 1975, appellant was tried and convicted of burglary.[3] counsel filed post-trial motions for a new trial and arrest of judgment; these motions were denied. On October 29, 1975, the court sentenced appellant to a term of imprisonment of 3½ years to 7 years, to be served consecutively upon completion of all prior sentences imposed

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3502.

2. The Crimes Code, supra; 18 Pa.C.S. § 3925.

3. The charge of receiving stolen goods was withdrawn.

upon appellant for different burglaries, and to pay a $300 fine. Appellant retained new counsel who filed this appeal.

Appellant's first contention is that the evidence was insufficient to support a conviction for burglary. Appellant argues that the Commonwealth failed to prove that he was the person who committed the crime but for the fact that he gave a statement admitting the burglary. No other evidence implicating appellant was adduced at trial; the television set removed from his apartment could not be positively identified as the stolen set because the serial numbers were missing. At trial, appellant testified that the statement was coerced from him while he was ill and under sedation. Moreover, he alleged that the police made promises of probation and threatened to prosecute his wife unless he confessed. Appellant also testified that he had purchased his television set at a Philadelphia warehouse. His wife corroborated appellant's testimony.

Appellant contends that a jury cannot be convinced beyond a reasonable doubt of guilt when the entire case rests upon the contradictory statements of one material witness. This contention is frivolous. "In determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict. *Commonwealth v. Malone,* 444 Pa. 397, 281 A.2d 866 (1971); *Commonwealth v. Petrisko,* 442 Pa. 575, 275 A.2d 46 (1971)." *Commonwealth v. Fortune,* 456 Pa. 365, 367, 318 A.2d 327, 328 (1974) (emphasis in the original).

The jury in the case at bar could properly have based its verdict on the confession because appellant admitted

134

committing all the elements of the crime of burglary. The jury, as the evaluator of credibility in this case, was free to find appellant's testimony at trial less worthy of belief than his confession. See *Commonwealth v. Petrisko,* supra.

■ Appellant's second contention is that the verdict was contrary to the weight of the evidence. In *Commonwealth v. Zapata,* 447 Pa. 322, 327, 290 A.2d 114, 117 (1972), the Pennsylvania Supreme Court stated, "[t]he grant of a new trial on the ground that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court. *Commonwealth v. James,* 197 Pa.Super. 110, 113–14, 177 A.2d 11, 13 (1962); Cf. *Commonwealth v. Swanson,* 432 Pa. 293, 298, 248 A.2d 12, 15 (1968). Where the evidence is conflicting, the credibility of the witnesses is solely for the jury and if its finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed." In the case before us, there was a conflict in the evidence as to the voluntariness and reliability of the confession and the jury chose to disbelieve appellant. This conclusion is supported by the record. Accordingly, we uphold the trial court's refusal to grant a new trial on this ground.

■ Appellant's third claim is that the trial court erred in refusing to grant a mistrial. Appellant argues that the following excerpt from the record was inherently prejudicial to his defense:

"[victim of burglary]: The only thing I can say is that to me this set, this is the identical set with somebody having removed these particular numbers who knew it could be identified as the particular set taken from my store.

"[Defense Counsel]: I object to that last statement, Your Honor.

"[The Court] : Sustained.

"[Defense Counsel]: I'd also like to move for a mistrial at this time.

"[The Court] : The jury will disregard the conclusions. The situation, I am sure, is clear from the witness, that without the model and serial number, it would have the same appearance as any other manufactured by the company. It was the same, is that correct?

"[Victim] That's correct."

The witness' conclusory statement did carry potential prejudice to appellant because it directly linked the television stolen from the store to the television found in appellant's apartment. Nevertheless, the trial court's instruction to ignore the conclusion and the court's accompanying explanation of the significance of the missing serial numbers operated to cure any possible prejudice. See *Commonwealth v. Sullivan,* 450 `Pa. 273, 299 A.2d 608 (1973), cert. denied, 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973) ; *Commonwealth v. Murray,* 437 Pa. 326, 263 A.2d 886 (1970). The instruction given the jury was immediate, explicit, and thorough. See *Commonwealth v. Martinolich,* 456 Pa. 136, 318 A.2d 680 (1974). Appeal dismissed, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974). Unlike *Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127 (1974), the witness did not completely usurp the function of the jury by drawing a conclusion on the ultimate issue of guilt.

██ Appellant's fourth contention is that the trial court erred in refusing to consider his application for the suppression of evidence. The trial court denied appellant's initial suppression application, filed November 8, 1974, because it was filed too late. Rule 323(b) Pa.R. Crim.P. (Supp.1976) reads, "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require, such application shall be made . . . not later than ten days before the beginning of the trial

session in which the case is listed for trial. . . . If timely application is not made hereunder, the issue of the admissibility of such evidence shall be deemed to be waived." Appellant does not argue that his application was filed more than ten days before the trial session. Instead, he asserts that an opportunity to file an application did not previously exist because his trial counsel's dictating equipment was being changed. Appellant mistakes the purpose of the exceptions to the time limits of Rule 323(b). These exceptions were not meant to apply to situations in which appellant and his counsel knew all the facts necessary to file a suppression application well in advance of the filing deadline. Thus, if appellant has a complaint on this issue, it is against his trial counsel for failure to file a timely petition and not against the trial court.

Appellant also argues that the trial judge erred in not granting his January 20, 1975 motion for a continuance. Appellant maintains that because the November 8 application was not denied on the merits, it was still outstanding on January 20, 1975. Thus, appellant contends that his suppression motion should have been disposed of prior to the trial in February, 1975. The trial court properly rejected this argument. By failing to file a timely suppression application in November, appellant's counsel waived any objections to the admissibility of the television and the confession.

Appellant's fifth claim is that his trial counsel was ineffective in failing to file a timely suppression application. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), the Pennsylvania Supreme Court stated, "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel has *some reasonable basis* designed to effectuate his client's interests." (emphasis in original). See also *Com-*

monwealth v. *Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Appellate courts will not secondguess any reasonable trial strategy employed by counsel. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). In the case at bar, we are hard-pressed to imagine any reasonable strategical basis for filing a *late* suppression application. Nevertheless, even if trial counsel's lateness in filing concededly lacks a reasonable strategical basis, an ineffectiveness hearing will not be required by our Court if we can determine from the record that appellant's underlying suppression motion is completely without merit. See *Commonwealth v. Hill,* 231 Pa.Super. 371, 331 A.2d 777 (1974); *cf. Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973). "Counsel will not be declared ineffective for failure to file a motion that he could reasonably have regarded as *pro forma." Commonwealth v. Hill,* 231 Pa.Super. at 376, 331 A.2d at 780 (1974).

We cannot determine from the record whether appellant's application for suppression was without merit. First, appellant challenges the introduction of the television set because it was allegedly the fruit of an unlawful search and seizure based on a defective warrant. We cannot assess the validity of this claim because the warrant is not a part of the record. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). Moreover, appellant alleges that the police searched his apartment pursuant to fraudulently induced consent before obtaining a warrant from a detached magistrate. This factual issue cannot be tried and resolved by an appellate court. Second, appellant asserts that his confession was unconstitutionally extracted from him by the use of promises, threats and prolonged detention. Appellant also alleges that he was drugged and, therefore, incapable of knowingly and intelligently waiving his *Miranda* rights. All these contentions involve factual issues; the record before us is insufficient to permit resolution of these

claims. Cf. *Commonwealth v. Twiggs*, supra.[4] Therefore, it is necessary to remand for a hearing on the alleged ineffectiveness of appellant's trial counsel. If the lower court finds either that counsel had a reasonable strategical basis for filing a late suppression application or that appellant would have lost on the merits of the suppression challenges, then trial counsel will not have performed ineffectively, and appellant's conviction for burglary will stand.[5] If the hearing court determines that counsel was ineffective, then the court should grant a new trial. See *Commonwealth v. Twiggs*, supra.

The case is remanded for proceedings consistent with this opinion.

JACOBS and PRICE, JJ., dissent.

4. Appellant's trial only addressed the issue of his guilt or innocence; the jury did not decide the merits of his suppression motion. Cf. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

5. If trial counsel is not found to be ineffective, appellant may appeal this determination. On that appeal, he may also raise the issue of whether his sentence was excessive. See *Commonwealth v. Twiggs*, supra.