366 A.2d 580

**COMMONWEALTH of Pennsylvania**

v.

**Samuel GAITHER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided Nov. 22, 1976.

Arthur K. Dils, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On January 14, 1975, the appellant was convicted by a jury of possessing a controlled substance (heroin) with the intent to manufacture or deliver, and carrying a firearm without a license. On this direct appeal, appellant contends that his trial counsel was ineffective.[1] We affirm.

The Commonwealth's case consisted of the testimony of three Harrisburg policemen. The policemen testified that as a result of a conversation with an informant, they proceeded to the J. J. Bar on North Third Street. There, they observed appellant's parked automobile. After a search of the area around appellant's car proved fruitless, the officers returned to their patrol car to await appellant. When appellant exited from the bar and approached his automobile, one of the officers hailed him.

The appellant hurried to the front of his car, away from the approaching policemen, with one hand in his pocket. When the police reached the appellant, they found approximately forty-five packets of heroin beneath the front of the automobile. A search of appellant uncovered a .45 caliber automatic pistol.

■ Appellant's first allegation of ineffectiveness is that his trial counsel failed to cross-examine adequately the Commonwealth's witnesses. However, our review of the record reveals that counsel's cross-examination of the three policemen was lengthy and in depth. He explored all of the circumstances surrounding the arrest, emphasizing that none of the policemen saw appellant drop the drugs. He pointed out some inconsistencies between one officer's testimony at the pre-trial hearing and at trial. Therefore, an allegation of ineffectiveness cannot be

---

1. Because appellant is represented on appeal by counsel other than his trial counsel, this issue is ripe for decision. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

predicated upon the adequacy of counsel's cross-examination.

■ The second allegation of ineffectiveness is that counsel failed to move for a mistrial when the district attorney made improper remarks during his closing statement. During the trial, one of the police officers was about to testify to what the informant had told him. This testimony was properly excluded as hearsay. During his closing statement, the district attorney began to tell the jury that they could infer what the informant had said to the police. Appellant objected, the objection was sustained, and the court issued a cautionary instruction.

■ It is clear that counsel's failure to move for a mistrial was not ineffectiveness. Counsel may have believed that the error was cured by his objection and the court's instruction. We cannot now say that his conclusion was wrong at the time. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Moreover, as the lower court notes in its opinion, a motion for mistrial would properly have been denied. A failure to file a futile motion cannot support an allegation of ineffectiveness. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

■ Appellant's final allegation of ineffectiveness is that counsel failed to appear for oral argument on his post-trial motions. The record does not reveal counsel's reasons for not appearing to argue. However, as we have noted on many occasions, counsel will not be held ineffective for failure to perform an act that would be futile. *Commonwealth v. Fisher*, 243 Pa.Super. 128, 364 A.2d 483 (1976). This results from the standard Pennsylvania employs to determine ineffectiveness. In *Commonwealth ex rel. Washington v. Maroney, supra,* the Supreme Court of Pennsylvania states:

"Since our test requires that we examine the approach employed by trial counsel in light of the available al-

ternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8.

See also Commonwealth v. Robinson, supra; Commonwealth v. Badger, 238 Pa.Super. 284, 357 A.2d 547 (1976); Commonwealth v. Betts, 234 Pa.Super. 642, 341 A.2d 912 (1975); Commonwealth v. Hill, 231 Pa.Super. 371, 331 A.2d 777 (1974).

In this case, appellant's written post-trial motions consisted of blanket challenges to the sufficiency of the evidence. Appellant does not allege that counsel should have raised other errors in his post-trial motions. Therefore, at oral argument, counsel would have been restricted to arguing the sufficiency of the evidence. Commonwealth v. Blair, 460 Pa. 31, 331 A.2d 213 (1975). The evidence in this case, however, was clearly sufficient. Therefore, the potential for success would not have been substantially greater if counsel had argued the motions. Thus, we cannot conclude that counsel was ineffective.

The judgment of sentence of the lower court is affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, Judge (dissenting):

The majority says that appellant's privately retained trial counsel was not ineffective when he failed to appear to argue the post-trial motions he filed on appellant's behalf.[1] It reasons that because no meritorious issues

---

1. The question of trial counsel's ineffectiveness is properly before us because appellant is represented on this appeal by counsel other than his trial counsel. Commonwealth v. Dancer, 460 Pa. 95, 331 A.2d 435 (1975). Although our courts have been reluctant to find retained counsel ineffective, Commonwealth ex rel. Marshall v. Maroney, 202 Pa.Super. 395, 196 A.2d 187 (1963), they have not

were raised in those motions, the failure to argue them or to file a brief as directed by the lower court could not be termed ineffectiveness.[2] I cannot agree with this analysis.

Even if we assume that the issues raised were without merit,[3] it still does not follow that conscientious advocacy would not have affected the trial judge's decision, at least as to sentence. Indeed, both the lower court's order and opinion suggest that the opposite is true. Thus the order reads:

> And now, March 6, 1975, counsel for the Defendant having failed to appear for the second time for argument and having failed to file briefs as directed by the order of Court, the Defendant's Motions for a New Trial and for Arrest of Judgment are denied.

And in the opinion the court discusses defense counsel's actions in considerable detail, indicating that the court viewed them with displeasure and found them relevant to the denial of post-trial relief and to the pronouncement of sentence:

> On January 20, 1975, his [appellant's] lawyer, John T. Grigsby, III, of the Philadelphia Bar, filed motions for a new trial and in arrest of judgment . . . .
> On January 25, 1975, we informed Mr. Grigsby that argument on the motions would be heard by the trial judge on February 20, 1975, and directed him to file his brief on or before February 10, 1975. Mr. Grigsby

refused to do so when required to by the facts of a given case. *Commonwealth ex rel. Neal v. Myers*, 424 Pa. 576, 227 A.2d 845 (1967).

2. To support his claim of trial counsel's ineffectiveness, appellant also asserts that counsel did not adequately cross-examine the prosecution's witnesses, and that he should have moved for a mistrial after the District Attorney made a prejudicial remark. I agree with the majority that these claims are not substantiated by the record.

3. We have said that the test of whether counsel was ineffective for failure to raise a given issue in post-trial motions is whether that issue had merit. *Commonwealth v. Learn*, 233 Pa.Super. 288, 335 A.2d 417 (1975).

did not appear when the case was called for argument on February 20, 1975. According to the District Attorney, Mr. Grigsby telephoned him to say that he was ill and would not attend. On February 21, 1975, we advised Mr. Grigsby that the matter had been rescheduled for argument on March 6, 1975, and directed him to file his brief forthwith. No brief was filed, and again Mr. Grigsby failed to appear when the case was called on March 6, 1975. On this occasion, Mr. Grigsby did not communicate with anyone to explain his absence. We thereupon made our Order denying the defendant's motions and forwarded a copy to Mr. Grigsby. March 20, 1975, was fixed as the date for sentencing. Still nothing was heard from Mr. Grigsby until 2:00 o'clock in the afternoon of March 19, 1975 when a telegram was handed up to the trial judge, then on the Bench, requesting a continuance until March 29 because Mr. Grigsby was allegedly in trial in Luzerne County. We informed the defendant, who was confined in the Dauphin County Prison, of Mr. Grigsby's request and that it would be denied. The defendant at this point, for the first time, advised the Court that Mr. Grigsby was no longer his counsel. On March 20, 1975, the defendant was sentenced to imprisonment for not less than two nor more than five years in the drug case and to a consecutive sentence of six months to two years on the firearms charge.

These statements quite belie the Commonwealth's argument (which the majority has accepted) that "trial counsel's failure to brief and appear for the [post-trial] motion, although unjustified, was harmless error, not prejudicial to Appellant." Appellee's brief at 7. In my view, it was most prejudicial.

Even if defense counsel's nonfeasance had not damaged appellant's case before the trial judge, I would not condone it by ignoring it, as the majority does. Counsel violated both the letter and spirit of the *ABA Code of Professional Responsibility*, Canons 6 and 7 ("A Lawyer

Should Represent a Client Competently"; "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law"), and of the *ABA Standards Relating to the Defense Function* (Approved Draft, 1971). Standard § 7.10 ("Post-trial motions") establishes that "[t]he trial lawyer's responsibility includes presenting appropriate motions, after verdict and before sentence, to protect the defendant's rights." The commentary to that Standard notes that "failure . . . to pursue a motion once filed . . . has been considered to be ineffective assistance of counsel." *See also* Standard § 1.2 ("Delays; punctuality"), Standard § 1.6 ("Client interests paramount"), and Standard § 3.9 ("Obligations to client and duty to court"). Where, as here, it appears on the record that an attorney has not complied with the standards governing his profession and may thereby have prejudiced his client's interests, I would not assume without a further hearing that he had provided effective representation.

I would therefore vacate the judgment of sentence and remand the record to the lower court for an evidentiary hearing to determine whether counsel was ineffective and whether he might have advanced his client's case by appearing at the hearing on the post-trial motions and at sentencing. *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

The measure of counsel's effectiveness has been stated by our courts many times:

> "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests . . . Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis."

*Commonwealth v. Bronson,* 457 Pa. 66, 71, 321 A.2d 645, 647 (1974), *quoting Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–353 (1967) (emphasis in original). Given the present record, I would find it difficult to characterize trial counsel's behavior as a strategy "designed to effectuate his client's interests." Nevertheless, counsel should be afforded the opportunity to present any reasons he may have had for acting as he did. If the hearing judge were to determine that appellant had received ineffective assistance, appellant should be permitted to file and argue post-trial motions *nunc pro tunc,* with an appeal to be taken from their denial. If counsel were not found ineffective, the judgment of sentence should be reinstated.

HOFFMAN, J., joins in this opinion.