368 A.2d 736

**COMMONWEALTH of Pennsylvania**

v.

**Charles FISHER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 15, 1976.

310

David R. Eshelman, Asst. Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Asst. Dist. Atty., Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the judgment of sentence imposed on appellant Charles Fisher following his conviction of possession of a prohibited offensive weapon.[1] Because we find appellant's arguments to be without merit, we affirm.

Initially, appellant claims that the verdict was based on insufficient evidence and contrary to the weight of the evidence. The testimony at trial established that appellant and two other individuals were observed by two police officers who were patrolling downtown Reading at ·3:30 in the morning. One of the officers testified that they approached the trio and asked them their iden-

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 908 (1973).

tity. According to his testimony, appellant then walked to the rear of the police car, reached into his pocket and placed an object on the ground. The object was immediately discovered by the police and found to be similar to brass knuckles. There was also a razor blade attached to the knuckle part of the instrument. Appellant at trial introduced into evidence an advertisement offering for sale a similar object, called a "Wyoming knife" and used for skinning wild game. It is argued that the object therefore had a lawful use and there was insufficient evidence that it was a prohibited offensive weapon. As recognized in *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566, *allocatur refused*, 236 Pa.Super. *xxv* (1975) every knife has some lawful purpose. But under the circumstances here, and in *Gatto*, where the object is possessed in the downtown area of a large city during the early-morning hours, it has no common lawful purpose. *See also Commonwealth v. Ponds*, 236 Pa.Super. 107, 345 A.2d 253, *allocatur refused*, 236 Pa.Super. *xxv* (1975). Viewing the Commonwealth's evidence in its most favorable light, we are convinced that the verdict was supported by sufficient evidence and not against the weight of the evidence. *See Commonwealth v. Coe*, 226 Pa.Super. 594, 323 A.2d 213 (1974).

Next, appellant argues that a mistrial should have been granted when upon the close of the Commonwealth's case, one of the deputies moved the weapon away from the witness stand as appellant approached the stand to testify. If there was anything improper with this procedure, we are satisfied that it did not constitute such prejudice as would warrant the granting of a mistrial.

Appellant also claims that trial counsel was ineffective for not filing a motion to suppress the weapon. First, it is apparent that a motion to suppress would have had little chance of success; counsel therefore cannot be considered ineffective for not filing one. *Com-*

*monwealth v. Hill,* 231 Pa.Super. 371, 331 A.2d 777, *allocatur refused,* 231 Pa.Super. *xl* (1974). The police had cause under the circumstances (three men walking at 3:30 a. m. in downtown Reading) to approach the men and ask them their identity. Moreover, the confrontation was quite reasonable and distinguishable from the type of stop condemned in *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973). Second, appellant testified at trial that he did not have the weapon in his possession that evening. Although counsel still could have moved to suppress the weapon, this fact evidences a reasonable basis for trial counsel's decision not to file a motion to suppress. *See Commonwealth v. Learn,* 233 Pa. Super. 288, 335 A.2d 417, *allocatur refused,* 233 Pa.Super. *xxxvi* (1975).

Finally, appellant complains that his sentence of one to three years, which was ordered to run consecutively with sentences he had received for other convictions, was excessive. It is well-settled that the sentence to be imposed upon a convicted defendant is within the sole discretion of the sentencing judge. *See, e. g., Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Cox,* 441 Pa. 64, 270 A.2d 207 (1970); *Commonwealth v. Rodriquez,* 229 Pa.Super. 449, 323 A.2d 396 (1974). If the sentence imposed is within statutory limits, we should not find an abuse of discretion unless the sentence imposed is so manifestly excessive as to inflict too severe a punishment. *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515, *allocatur refused,* 235 Pa.Super. *xxvii* (1975); *Commonwealth v. Riggins,* 232 Pa.Super. 32, 332 A.2d 521 (1974). The sentence imposed was clearly within the maximum provided by the Legislature, and our review reveals no abuse of discretion. We therefore will not disturb the sentence which the lower court saw fit to impose.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result; HOFFMAN, J., files a concurring and dissenting opinion.

HOFFMAN, Judge, concurring and dissenting:

I concur in the Majority's disposition of appellant's claim that the Commonwealth presented sufficient evidence to sustain a conviction of possession of a prohibited offensive weapon.[1] I disagree with the Majority's disposition of appellant's claim that counsel was ineffective in failing to file a motion to suppress physical evidence seized at the time of arrest.

I agree that counsel is not required to file a motion to suppress if such a motion has little chance for success. *Commonwealth v. Fisher*, 243 Pa.Super. 128, 364 A.2d 483 (filed September, 1976); *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974). The issue at a suppression hearing is whether the police had probable cause for a stop and whether the police intrusion upon the liberty of an accused was reasonable. U.S.Const. Amendment IV; see also, Rule 323, Pa.R.Crim.P., 19 P. S. Appendix. The Majority relies on the trial transcript to determine that a motion to suppress would have had no merit. However, at trial, the only finding is on the question of guilt or innocence of the accused. The factfinder does not decide issues of probable cause or reasonableness. The factfinder may, indeed, have believed all of the police testimony, including evidence concerning the circumstances surrounding the arrest. On the other hand, the factfinder may have believed that appellant was guilty of the crime charged, but not have considered the issue of reasonableness of the police conduct, or have discredited police testimony concerning the search. We do not know what the factfinder concluded on the issue which the Majority resolves against the accused by its own selective reading of the record and de novo factfinding. That exercise of review is improper.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 908.

Therefore, I would remand the instant case for an evidentiary hearing on the issue of whether appellant's counsel was ineffective for failing to file a motion to suppress. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Fisher, supra.*