405 A.2d 507

**COMMONWEALTH of Pennsylvania**

v.

**Reginald McINTOSH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided May 25, 1979.

Michael J. Wetmore, Public Defender, Stroudsburg, for appellant.

James F. Marsh, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Monroe County. Appellant was convicted of criminal conspiracy and unlawful possession with intent to deliver and unlawful delivery of a controlled substance (heroin). He was subsequently sentenced to a term of 1½ to 3 years imprisonment.

Appellant basically contends that the method of selection of potential jurors in Monroe County systematically excludes blacks and therefore his conviction by an all-white jury selected from an all-white panel of potential jurors violated his Sixth Amendment right to be tried by an impartial jury.

A criminal defendant is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him or the rolls from which the potential jurors are selected. *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). However, a defendant is entitled to demand that members of his race not be purposefully or deliberately excluded. *Commonwealth v. Jones*, 465 Pa. 473, 350 A.2d 862 (1976).

Monroe County selected potential jurors from the voter registration rolls.[1] Appellant did not prove below nor does he make any showing here that the selection of potential jurors in Monroe County from the voter rolls systematically excluded blacks.

The precise issue raised here was recently discussed by our Supreme Court in *Commonwealth v. Martinez*, 475 Pa. 331, 380 A.2d 747 (1977):

"This case is therefore governed by our recent decision in *Commonwealth v. Jones*, 465 Pa. 473, 350 A.2d 862 (1976). There appellant challenged an array of jurors chosen solely from voter registration lists on the theory that such a method of selection resulted in systematic racial discrimination. We found, however, that appellant had not shown that "the list itself reflects discriminatory practices." Id., 465 Pa. at 480, 350 A.2d at 866. Similarly, although the motivation of those who chose to use voter lists was not relevant to appellant's claim of unrepresentativeness, appellant here was at least required to show the extent to which the voter list reflected exclusion of the poor. This he has not done and accordingly his claim must fail." (Id., 475 Pa. at 334–335, 380 A.2d 749).

1. We note that the percentage of blacks in Monroe County was approximately 1.160%.

In the absence of any proof that the voter rolls of Monroe County systematically excluded blacks, we must deny appellant's claim.

Judgment of sentence affirmed.

HOFFMAN, J., filed a concurring opinion.

HOFFMAN, Judge, concurring:

I concur in the result reached by the majority but for different reasons.

The majority states that appellant alleges systematic racial discrimination in the method of selecting jurors in Monroe County. I disagree.

Pa.R.Crim.P. 1104(b), 19 P.S. Appendix, provides in part: ". . . [A] challenge to the array shall be made not later than five days before the first day of the week the case is listed for trial of criminal cases for which the jurors have been summoned and not thereafter, and shall be in writing, *specifying the facts* constituting the ground for the challenge." (Emphasis added) In *Commonwealth v. Butler*, 448 Pa. 128, 132, 291 A.2d 89, 91 (1972), our Supreme Court stated that "the characteristics of one particular panel are not the type of facts which constitute grounds for a challenge. Rather, . . . the challenge must be to the selection procedures themselves, and not to the composition of a particular panel . . . ." In the instant case, appellant's post-verdict motion avers only: "5. The Defendant was compelled to stand trial before a biased panel of jurors, thus violating his right to a fair and impartial trial by jury of his peers." I do not believe this averment constitutes a challenge to the selection process. *See also Commonwealth v. Greene*, 469 Pa. 399, 366 A.2d 234 (1976).

Additionally, I believe that appellant's challenge, whether to his particular panel or to the selection procedures, was not timely presented to the lower court. Rule 1104(b), *supra*, requires appellant to raise the issue pre-trial. In *Butler, supra*, our Supreme Court held that noncompliance with this Rule waives the issue. The rationale is the same as later

expressed in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272, 273 (1974), wherein the Supreme Court abrogated the doctrine of basic and fundamental error and required timely and specific objections: "The trial judge must be given an opportunity to rectify errors at the time they are made." In the instant case, appellant did not raise his claim until the post-verdict stage of proceedings. Accordingly, I would not treat the merits but would hold that appellant has waived his claim by failing to present it to the lower court in a specific and timely manner.