**Commonwealth v. Santiago**

*Donald A. Mancini,* for Commonwealth.
*John J. O'Brien,* for defendant.

PITT, *J.*, April 23, 1980—Defendant was arrested on August 24, 1978 and charged with criminal attempt homicide, robbery, receiving stolen property, terroristic threats, recklessly endangering another person, possession of a prohibited offensive weapon, and violation of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. §6101 et seq. The charges arose out of the August 21, 1978 robbery of Conrad's Market located in Tredyffrin Township, Chester County, Pa. After trial by jury, guilty verdicts were returned on all counts with the exception of criminal attempt homicide which was withdrawn at trial. Motions in arrest of judgment and for a new trial were timely filed and the matter is now before this court for disposition.

The record reveals that the defendant was stopped for erratic driving on August 24, 1978 by a police officer from Radnor Township, Pa. The officer ascertained via radio that the vehicle being operated by the defendant had been stolen earlier that morning. Upon requesting the defendant to remove himself from the vehicle the officer observed defendant tug upon the front of his shirt. A search of defendant's person revealed a .38 caliber automatic weapon concealed under the defendant's belt. The officer then observed a blackjack, screwdriver, and blue denim bag lying in plain view upon the console beside the driver's seat. The officer was unable to determine the contents of the blue denim bag until he removed same from the vehicle whereupon he discovered a black ski mask and a pair of gloves. Both the weapon and the contents of the blue denim bag were introduced at trial as circumstantial evidence of defendant's connection with the robbery of Conrad's Market.

The post-trial motions set forth 15 grounds upon which relief is sought. Initially, defendant maintains that the evidence was insufficient to support the verdicts, and that the verdicts were against the law and the evidence. Upon a review of the record we find that the verdicts were neither against the law nor against the evidence. We also find that the evidence was sufficient to support the verdicts. As stated by the court in Com. v. Tillery, 457 Pa. 466, 467-68, 326 A. 2d 329, 330 (1974):

"The test for determining the sufficiency of the evidence is 'whether, accepting as true all the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.'" (Citations omitted.)

See also Com. v. Waldman, 484 Pa. 217, 398 A. 2d 1022 (1979); Com. v. Smith, 484 Pa. 71, 398 A. 2d 948 (1979). We find that under this test the evidence was sufficient to support the verdicts and defendant's motion so grounded must be denied.

Defendant next contends that the trial court erred in denying his oral motion to suppress evidence. Said motion was raised for the first time at trial. Under Pa.R.Crim.P. 307 a motion to suppress evidence must be filed (see Pa.R.Crim.P. 306 and 323) or be waived, unless the opportunity did not previously exist or the interests of justice require otherwise. These exceptions to the time limitations of Rule 323(b) were not meant to apply to situations in which defendant and his counsel knew all the

facts necessary to file a suppression application well in advance of the filing deadline: Com. v. Fisher, 243 Pa. Superior Ct. 128, 364 A. 2d 483 (1976); Com. v. Duncan, 257 Pa. Superior Ct. 277, 390 A. 2d 820 (1978). The record indicates that trial counsel was indeed aware of all the facts necessary to file a suppression motion but through oversight failed to do so. Accordingly, the trial court properly exercised its discretion in denying defendant's oral motion to suppress: Com. v. Cooke, 260 Pa. Superior Ct. 528, 394 A. 2d 1271 (1978).

Defendant's contention that the trial court erred in denying defendant's request for a continuance after his oral motion to suppress was denied is also without merit. By failing to file a timely suppression motion, defendant waived any objection to the admissibility of the evidence: Com. v. Fisher, supra. Accordingly, there was no need to delay the beginning of the trial.

Defendant next contends that he was denied his constitutional right to effective assistance of counsel in that trial counsel failed to file a timely motion to suppress the contents of the blue denim bag. Before inquiring into the basis for trial counsel's failure to file a suppression motion, we must determine if the grounds supporting the motion were of arguable merit as a finding of ineffectiveness cannot be premised upon counsel's failure to pursue and preserve a meritless issue: Com. v. Glass, 486 Pa. 334, 405 A. 2d 1236 (1979); Com. v. Martin, 479 Pa. 63, 387 A. 2d 835 (1978).

Defendant has filed a petition for leave to enter into evidence in this proceeding the transcript of a suppression hearing held before the Court of Common Pleas of Delaware County in the case of Com. v. Santiago, No. 4654-78, wherein the Honorable

Clement J. McGovern, Jr. ruled that the contents of the blue denim bag were inadmissible in the Delaware County proceeding. Defendant argues that Judge McGovern's suppression ruling, which was entered prior to the defendant's trial in Chester County, demonstrates that trial counsel was ineffective in failing to file a suppression motion in the Chester County proceeding. We herein grant the relief requested in defendant's petition so that the issue raised may be properly reviewed.

We note initially that the factual circumstances before the Delaware County Court were identical to those which would have been presented to the Chester County Court had a timely suppression motion been filed. However, for the reasons hereinafter stated, we do not believe that Judge McGovern's ruling was a correct determination of the suppression issue. The transcript of the Delaware County suppression hearing reveals that the automobile which the defendant was operating and from which the blue denim bag was seized had been reported stolen a few hours prior to defendant's arrest. In addition, defendant claimed no possessory interest in the blue denim bag or its contents and in fact testified that these articles were not his. Accordingly, defendant lacked standing to contest the seizure of the blue denim bag and its contents: Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed. 2d 387 (1978), reh. den. 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed. 2d 83 (1978). As such, defendant's trial counsel in the Chester County proceeding cannot be deemed ineffective for failing to pursue a meritless issue, and defendant's claim so grounded must be denied.

Defendant also argues that this court is without power to apply the foregoing analysis to the sup-

pression issue because the principle of comity requires that the Delaware County ruling operate as to bar the use of the suppressed evidence in any subsequent criminal proceeding within the Commonwealth. Neither defendant nor the Commonwealth has presented any authority on this issue and our research has discovered but one case squarely on point. An identical argument was raised in Com. v. Gallagher, 68 Schuyl. 72 (1972), wherein the court ruled that nowhere in the rules of criminal procedure is it contemplated that ". . . a proceeding arising in another county for a separate and distinct crime shall be binding on all other counties of the Commonwealth for different offenses." Although the court in Gallagher came to this conclusion through an analysis of the pertinent former rules of criminal procedure, we do not believe that a contrary result is required by the current rule, Pa.R.Crim.P. 323, and we therefore deny defendant's claim so grounded.

We are next confronted with the contention that a new trial should be granted because the district attorney systematically struck all blacks from the jury. It is well settled that a defendant cannot attack the use by the prosecuting attorney of a peremptory challenge to remove a black member from the jury without showing that such use marks out a clear and continued pattern of discrimination: Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed. 2d 759 (1965), reh. den. 381 U.S. 921, 88 S.Ct. 1528, 14 L.Ed. 2d 442 (1965); Com. v. McIntosh, 266 Pa. Superior Ct. 425, 405 A. 2d 507 (1979). The record is devoid of any evidence that the District Attorney's Office of Chester County has pursued a policy of systematically utilizing peremptory challenges to exclude blacks from serving as jurors. Absent

that showing, we cannot and will not interfere with either side's use of its peremptory challenges: Com. v. Green, 264 Pa. Superior Ct. 472, 400 A. 2d 182 (1979); Com. v. Martin, 461 Pa. 289, 336 A. 2d 290 (1975).

Defendant also contends that the trial court erred in refusing defense counsel the opportunity to determine if certain statements made by defendant were the product of an illegal arrest. The statements in question were limited to defendant's name and address. Assuming arguendo the illegality of the method in which these statements were obtained, when a defendant takes the stand at trial and reiterates the factual narrative contained in a confession claimed to be invalid, the admission into evidence of the alleged illegal confession, if error at all, is harmless error beyond a reasonable doubt: Com. v. Rice, 477 Pa. 221, 383 A. 2d 903 (1978); Com. v. Cummings, 466 Pa. 332, 353 A. 2d 381 (1976). Defendant's testimony at trial included the same information contained in the alleged illegal statements. Therefore, if the trial court did in fact err in refusing defense counsel the opportunity to determine if defendant's statements were the product of an illegal arrest, such error would be harmless beyond a reasonable doubt.

Defendant also alleges that testimony presented by the Commonwealth as to the theft of a vehicle on the day of the robbery and as to the various items found in defendant's possession at the time of his arrest constituted impermissible evidence of other crimes. It is a fundamental proposition that evidence of a distinct crime, except under certain circumstances, cannot be given in evidence against a defendant who is being tried for another crime: Com. v. Bradley, 243 Pa. Superior Ct. 208, 364 A. 2d

944 (1976). An exception to this general rule exists where the evidence of other crimes tends to establish the identity of the person charged with the crime on trial: Com. v. Peterson, 453 Pa. 187, 307 A. 2d 264 (1973). In Com. v. Hude, 256 Pa. Superior Ct. 439, 445, 390 A. 2d 183, 186 (1978), the court held that before evidence of other crimes is admitted under one of the exceptions, the court should balance "'. . . on the one side, the actual need for the other-crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that other crimes were committed and that the accused was the actor, and the strength or weakness of their other-crimes evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to overmastering hostility.'" See also Com. v. Ulatoski, 472 Pa. 53, 371 A. 2d 186 (1977); McCormick, Evidence §190.

In the instant case, upon applying the above test we find that the evidence of other crimes was properly admitted. The owner of Conrad's Market testified that he was unable to identify the individual who committed the robbery because the individual was wearing a ski mask which completely covered his head. However, the owner and another eyewitness identified various items found in the defendant's possession as being in the possession of the individual who robbed Conrad's Market. In addition, an eyewitness testified that he took down the license number of the vehicle involved in the robbery, and the evidence indicated this vehicle to have been stolen immediately prior to the robbery from an area nearby defendant's residence.

There was possible inference presented from a circumstantial chain of evidence that was essential

to the Commonwealth's case that this defendant was engaged in some criminal scheme when he was apprehended in Radnor Township three days later and further that he was involved in the removal of the vehicle used in these offenses from a location in Philadelphia close to his home address a short time prior to the principal events before us from which these charges arose. We believe now as we did during trial that this evidence was necessary and permissible circumstantial evidence on identification.

We think this evidence which was an intricate part of the Commonwealth's proof was kept to a minimum. From that evidence and the court's charge to the jury on circumstantial evidence, we believe it would have been difficult for the factfinder to have misunderstood the purpose of the circumstantial evidence and further it would have been difficult for them to have been convinced that this defendant had committed other crimes. Having observed the jury and the entire conduct of the trial, we do not believe that inferences of other criminal conduct were such as to create in the factfinder an overmastering hostility.

We have reviewed the remainder of defendant's arguments advanced in support of his post-trial motions and find same to be without merit. Having examined the record and the post-trial motions and finding the latter to be without merit, we enter the following

## ORDER

And now, April 23, 1980, for the reasons hereinabove set forth, defendant's post-trial motions are denied and defendant is ordered to appear

for sentencing. The court administrator is directed to list the matter for sentencing on May 19, 1980, at 9:30 a.m. in Courtroom #3 of the Chester County Courthouse. The Adult Probation Office is directed to prepare a presentence investigation report and to present same to the undersigned on or before May 12, 1980. Counsel for the defendant and the Commonwealth may review same in the office of the undersigned during the week of May 12, 1980.